By the Court.
Duer, J.
The decree of Mr. J. Sandford, at special term, must be affirmed as modified upon the following grounds:
I. The credit of $30,000, claimed by the defendants, is rejected, because, (1.) The agreement of the plaintiff to take from the defendants $30,000 of the stock of the New York and Liverpool United States Mail Steamship Company, and to credit the defendants with the same at its par value, assuming such agreement to have been proved, is construed by the court as relating exclusively to that portion of the debt due to the plaintiff, which was then unsecured, and consequently was extinguished by the assignment of that debt to Allaire, with the consent of the defendants; or if not extinguished, it followed the debt, and its performance devolved upon Allaire. (2.) That the articles of agreement and settlement of the 5th of April, 1850, even upon the supposition that the original intention of the parties was different from that which has been stated, are conclusive evidence that the whole principal of the debt secured by the bonds and mortgages was then due and owing, and this express admission of the defendants precludes the supposition that the debt so secured was subject to any deduction whatever on account of the credit which is now claimed. (3.) That as the legal construction and effect of the articles of agreement" could not be contradicted and varied by parol evidence, the proof offered by the defendants of the declarations made by the plaintiff, during the negotiation, which led to the articles of agreement, or at the time of the execution thereof, was properly rejected. (4.) That the rejection by the judge of evidence offered in relation to the stock of the steamship Panama, was immaterial. The evidence could only have been material' as bearing upon the question whether the $30,000 stock was to be taken at par, and for the purposes of our judgment this has been assumed to be the meaning of the agreement.
II. That evidence of the credits alleged to have been given erroneously to the plaintiff, in the settlement of his account of *237 $156,715, was properly rejected, since if the defendants are not wholly precluded by the settlement from alleging the existence of such errors, they are entitled to deduct the sums which they involve from the debt as assigned to Allaire, but not to set them off against the claims of the plaintiff in this action.
III. That interest on the bond and mortgage for $11,000 was properly computed at 7 per cent, from the 11th of December, 1842. (1.) Because the agreement for raising the interest from 6 to 7 per cent., was valid in law, the consideration of forbearance being necessarily implied, and the continuance of the agreement being coextensive with the forbearance. (2.) Because it was sufficiently proved that the agreement was adopted and acted upon by the defendants, and it was therefore unimportant whether it was originally made by Allaire under their authority.
The court is of opinion that the judge erred in not crediting the defendant with the payment of interest on the bond of $10,000 from January, 1843, to January, 1844, and order the decree to be modified accordingly.