# Crooks and Cooper, terre-tenant, *versus* Douglass.

1. Crooks bought land of Douglass and gave a mortgage for purchase-money. After judgments had been entered against Crooks, the mortgage was recorded. Fulton bought at sheriff's sale on one of the judgments subject to the mortgage, and in consequence paid much less than the value of the land. Fulton sold, the vendee having knowledge of the burthen and retaining enough of this purchase-money to pay the mortgage. *Held*, that the vendee was estopped from denying that he bought subject to the mortgage.

2. Zeigler's Appeal, 11 Harris 182; Schall's Appeal, 4 Wright 170; Mode's Appeal, 6 W. & S. 280; Loomis's Appeal, 10 Harris 312, commented on and compared.

October 23d 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Crawford county* : No. 71, to October and November Term 1867.

This was a scire facias sur mortgage to February Term 1865, by J. J. Douglass against Andrew H. Crooks, with notice to James Cooper, terre-tenant.

The jury in a special verdict found the following facts :—

In September 1859 Douglass sold the real estate covered by the mortgage in suit to Crooks, who gave the mortgage for $800, the balance of the purchase-money.

Prior to November 6th 1862, four different judgments were entered against Crooks, amounting to $3300. On the 6th of November 1862 Douglass recorded his mortgage. On the 8th of the same month the real estate of Crooks covered by the mortgage was sold on an execution on one of the judgments to A. H. Fulton for $710. The attorney of Douglass gave notice to bidders at the sale that the property would be sold subject to the mortgage, and stated that the amount due on it was between $800 and $900.

Fulton, the purchaser, admitted after the sale that he had purchased subject to the Douglass mortgage, and deterred a creditor from making an application to have the sale opened on an increased bid because he had so purchased.

On the 17th of March 1863, Fulton sold the land so purchased to a man named Carrol, for $1600, and he, on the 17th of September 1863, assigned his interest, under the agreement with Fulton,

[Crooks *v.* Douglass.]

to the terre-tenant James Cooper; both Carrol and Cooper, at the time of their respective purchases, were aware that the land had been sold subject to the mortgage, and both Carrol and Cooper spoke of retaining enough of the purchase-money due Fulton to make them severally secure against the mortgage in case it had to be paid; the judgment-creditors of Crooks, prior to the entry of the mortgage, are not interfering in this case up to this time, and the contest is only between the mortgagee and vendee of the purchaser at sheriff's sale and said purchaser.

\*          \*          \*          \*          \*          \*          \*          \*

If the court consider the notice given at the time of the sale sufficient in law to continue the lien of said mortgage we find for the plaintiff the sum of $690.63, but if the court be of opinion that said notice was not sufficient in law for that purpose we find for the defendant.

The court entered judgment on the special verdict for the plaintiff for $690.63. This was the error assigned by the terre-tenant, who removed the case to the Supreme Court.

*W. R. Bole*, for plaintiff in error, cited Jones *v.* Caswell, 2 Johns. Cas. 27; Thompson *v.* Davis, 13 Johns. R. 112; Slingluff *v.* Eckel, 12 Harris 472; Smull *v.* Jones, 1 W. & S. 128; Gilbert *v.* Hoffman, 2 Watts 66; Abbey *v.* Dewey, 1 Casey 413; Barnet *v.* Washebaugh, 16 S. & R. 410; Mode's Appeal, 6 W. & S. 280; Randolph's Appeal, 3 Barr 245; Wood *v.* Levis, 2 Harris 9; Aulenbaugh *v.* Umbehauer, 8 Watts 48; Hellman *v.* Hellman, 4 Rawle 441; Loomis's Appeal, 10 Harris 317: Umbehauer *v.* Aulenbaugh, 3 W. & S. 257.

*P. Church*, for defendant in error, cited Shultze *v.* Diehl, 2 Penna. R. 277; Stackpole *v.* Glassford, 16 S. & R. 167; Tower's Case, 9 W. & S. 103; Zeigler's Appeal, 11 Casey 187; Schall's Appeal, 4 Wright 176; Loomis's Appeal, 10 Harris 317; Jaques *v.* Weeks, 7 Watts 282; Murphy *v.* Nathans, 10 Harris 508; Speer *v.* Evans, 11 Wright 144.

The opinion of the court was delivered, January 7th 1868, by

AGNEW, J.—There has been a conflict of opinion in this court upon the effect of a sheriff's sale made subject to a mortgage which otherwise would have been discharged by the sale. It would be a work of much labor, and perhaps not very useful, while it would greatly encumber the opinion, to examine all of the decisions made upon this vexed question. A pretty extensive research into them will be found in Zeigler's Appeal, 11 Casey 182. The conclusion of the judge who delivered the opinion of the court in that case seems to have been that of only two members of the majority, Justice Woodward concurring, that the

[Crooks *v.* Douglass.]

mortgage was rescued from a discharge by the sheriff's sale under the junior judgment, not by the terms imposed in the sale, but only on the ground that the precedent encumbrance of the widow was an *estate* and not a lien, leaving the mortgage therefore to stand as the first lien. Schall's Appeal, 4 Wright 170, affirms the doctrine of Judge Woodward as to the nature of the widow's estate, and although it refers also to Zeigler's Appeal as requiring the affirmance of the decree, rests on so many grounds it cannot be said that Zeigler's Appeal is reaffirmed by it. In this state of the authorities, Mode's Appeal, 6 W. & S. 280, and Loomis's Appeal, 10 Harris 312, are not absolutely qualified by Zeigler's Appeal and Schall's Appeal. The case of the plaintiff in error is rested on Mode's and Loomis's Appeals, which would require a reversal of this judgment were it not for one feature in the special verdict which would seem to relieve the case from these decisions. They do certainly decide that subsequent purchasers, as well as encumbrancers, are not affected by a condition in the sheriff's sale not apparent in the record—that they have a right to consider the mortgage satisfied by the legal operation of the judicial sale, and would not be affected even by express notice. Resting on this, Cooper, the terre-tenant, would be unaffected by the sale to Fulton subject to Douglass's mortgage. But the special verdict finds the fact not only that Fulton bought subject to the mortgage, and in consequence paid less than half of the value of the property, but that both his vendee Carroll, and Cooper, vendee of Carroll, bought with a knowledge of the burthen, and saying they would retain sufficient of the purchase-money in their hands to pay off the mortgage. Whether they actually did retain so much of the purchase-money is not exactly found by the special verdict, but it is so treated by the court below, in their opinion, and in the argument of the defendant in error here, while no complaint of this is made by the plaintiff in error. We take the fact for granted therefore. It also appears in the verdict that the judgment-creditors prior to the recording of the mortgage made no complaint.

The sale was not opposed, but was confirmed by a sheriff's deed to Fulton. This case is not, like Mode's and Loomis's Appeals, a contest between claimants of the fund produced by the sheriff's sale, but is a contest solely between the owner of the mortgage and the vendee of the purchaser at sheriff's sale; and is therefore just a case when, if the price of the estate belonging to the mortgagee is still in the purchaser's hands, he is in equity estopped from denying that the sale was made subject to the mortgage. This it seems to me is the true principle, and the only good ground for reconciling the various cases upon this subject. Having bought the estate with the understanding that he bids so much less for it, and should hold that much in his hands to

[Crooks *v.* Douglass.]

be applied to the excepted mortgage ; it does not lie in *his* mouth at least, to say he takes the land discharged of it, under the operation of the general rule that a judicial sale discharges all encumbrances except those expressly saved by statute. This case, then, being between these parties alone, and the purchaser having so much of the price of the estate in his hands to be applied to the mortgage, the judgment of the court below was right, and is therefore affirmed.