ADAM RITTER, Executor, etc., Respondent, *v.* SAMUEL PHILLIPS et al., HENRY A. THAULE, Appellant.

A grantee of mortgaged premises, who purchased subject to the mortgage and by his deed assumed to pay the same to a specified amount as a part of the consideration money, cannot contest the question of the amount unpaid upon the mortgage where he is not required to pay more than the amount assumed.

Where an obligation or security for the payment of money by its terms draws interest at less than the legal rate, and upon the principal becoming due the debtor agrees to pay an enhanced rate, not exceeding the

legal rate, as a consideration for forbearance, which agreement has been performed, the transaction will not be disturbed, nor will the excess of interest paid be applied as payment upon the principal.

(Argued September 29, 1873; decided November 11, 1873.)

APPEAL by defendant, Henry A. Thaule, from judgment of the Superior Court of the city of New York affirming a judgment in favor of plaintiff, entered upon the decision of the court at Special Term.

This was an action to foreclose a bond and mortgage given by defendant Phillips to secure the payment of $4,000, with interest at six per cent. When the mortgage became due, the mortgagor verbally agreed with the holder thereof that the time of payment should be extended one year, and that the interest should be seven per cent instead of six. Phillips, the mortgagor, sold the premises to defendant Kreckeler, subject to the mortgages. Kreckeler conveyed to defendant Thaule, also subject to the mortgage, Thaule assuming by his deed as a part of the consideration to pay the principal with interest from May 1st, 1870. From the time of the verbal agreement up to May first the interest upon the mortgage had been paid at the rate of seven per cent. On the sixth day of July Thaule tendered $4,025, which tender was declined. The question in the suit was as to the validity of this tender. Further facts appear in the opinion.

*H. A. Frost* for the appellant. No more than the rate of interest specified in and fixed by the bond could be recovered. (*Miller* v. *Burroughs*, 4 J. Ch., 436; *Van Beuren* v. *Van Gaasbeck*, 4 Cow., 496.) It was error to hold that the interest was paid under a mistake of law. (*Waite* v. *Leggett*, 8 Cow., 195; *Thompson* v. *Ottes*, 42 Barb., 461; *Lake* v. *Arlison's Bk.*, 3 Keyes, 276; S. C., Abb. Pr. [N. S.], 209.) If the interest was paid under a mistake of facts, of which both parties were equally bound to be informed, it may be recovered back. (*Adam* v. *Cole*, 1 Daly, 147; *Mayor* v. *Erden*, 38 N. Y., 305.) It is no answer to a claim to recover back money paid under a mistake of facts that the party

paying might have learned the real facts on inquiry. (*Kelly* v. *Sobair*, 9 M. & W., 54; *Waite* v. *Leggett*, 8 Cow., 195; 3 Keyes, 276.) Thaule's tender discharged the lien of the mortgage. (*Kortright* v. *Cady*, 21 N. Y., 343.) The agreement to pay greater interest than reserved in the bond not being in writing, it could not be demanded even after maturity. (*Miller* v. *Burroughs*, 4 J. Ch., 436; *Van Beuren* v. *Van Gaasbeck*, 4 Cow., 496.) Payment of the increased interest having been entered on the bond, the legal effect was to discharge the principal to that amount, and defendant Kreckeler could not recover it back. (12 Serg. & Rawle, 301; Sprague, 206; 1 Abb. Nat. Reg., 152, 153; 15 Wend., 23, 24, 26; 6 Cranch, 29; 3 Cow., 87, note *v;* 1 Dallas, 84; 13 Peters, 373, 374; 17 id., 251; 9 Cow., 747, and cases cited.) The payment inured to the benefit of defendant Thaule. (15 Wend., 29; 6 Cranch, 29; 12 S. & R., 301; 1 Abb. Nat. Reg., 152, 153.) Objections to a tender, unless stated at the time the tender is made, are waived. (21 N. Y., 547; 12 id., 81; 17 id., 428; 24 id., 367.) When a debtor is induced by his creditor not to persist in his offer of tender, the debtor is excused from further efforts to tender full performance. (20 N. Y., 197; 6 id., 203; 3 J. R., 531; 2 Hall, 167.)

*D. M. Porter* for the respondent. The forbearance of the mortgagee in extending the time of payment furnished a good consideration for increasing the interest to seven per cent. (*Bell* v. *Mayor, etc., of N. Y.*, 10 Paige, 49.) Defendant Thaule cannot set up the payment of the seven per cent interest as a defence to the mortgage. (*Freeman* v. *Auld*, 44 N. Y., 50; *Ricard* v. *Sanderson*, 41 id., 179.) The tender was not sufficient. (*Graham* v. *Lincoln*, 50 N. Y., 547; *Bakeman* v. *Pooler*, 15 Wend., 637.)

FOLGER, J. The sole appellant is the defendant Thaule. He is a subsequent grantee by intermediate conveyances from Philips, the mortgagor. He purchased the premises subject

to the mortgage, and assumed, by the provisions of the deed to him, to pay off this mortgage as a part of the consideration money. It is to be gathered from the case, that the amount thus assumed by Thaule was the sum of $4,000 of principal, and the interest thereon from the first day of May, 1870. As by the judgment of foreclosure and sale the amount due and payable and unpaid upon the mortgage is declared to be but $4,000 of principal, and the interest thereon at the rate of but six per cent per annum from that date, it does not appear how he is damnified, nor what interest he has in contesting the question as to the amount. He is not compelled by the judgment to pay more than he agreed to. (See *Freeman* v. *Auld*, 44 N. Y., 50.)

Nor is the defendant aided by the tender made. That was done on the 6th day of July, 1870. There was then accrued interest upon the mortgage for two months and five days, at the rate of six per cent per annum, amounting to forty-three dollars and thirty-three cents, and the principal sum was $4,000. The defendant offered but $4,025. It was not enough. Nor was it brought into court, nor otherwise kept within the power of the testator or the plaintiff to obtain it (*Brown* v. *Ferguson*, 2 Denio, 196), though this was unnecessary within the rule laid down in *Kortright* v. *Cady* (21 N. Y., 343).

Nor was the excess, which was at different times paid for interest, over the amount due and payable at the rate of six per centum per annum, applicable as a payment of so much upon the principal. It is shown that the additional rate of one per centum per annum was paid as a consideration for forbearance by the mortgagee or his assignee to exact the payment of the principal, which was, by the terms of the mortgage, then due and payable. It has been held in this State, that where, by the terms of the agreement, interest was reserved at the rate of six per cent, the rate remained the same until the agreement became merged in a judgment, and did not increase to the legal rate upon the principal money becoming due and payable by the terms of the agreement.

(*Miller* v. *Burroughs*, 4 J. C. R., 436, cited and approved in *Van Beuren* v. *Van Gaasbeck*, 4 Cow., 496.) This has been somewhat shaken in *U. S. Bank* v. *Chapin* (9 Wend., 471), where it was held that when a bank was, by its charter, limited to the rate of six per cent in its discounts, yet that it could recover at the rate of seven per cent, from the time the notes it had discounted became payable. And to the same effect is *Macomber* v. *Dunham* (8 Wend., 550). See also *Ludwick* v. *Huntzinger* (5 Watts & Serg., 51), *Brewster* v. *Wakefield* (22 How. U. S., 118) and *Haggerty* v. *Allaire Works* (5 Sandf., 230). It is not necessary now to determine which of these sets of cases declares the law correctly. There is another rule which disposes of the question adversely to the defendant. ` For even if the mortgagee may not exact interest at the legal rate, after the principal becomes payable, and even if an executory agreement to pay the increased rate would not be enforced, yet, where the agreement to pay the enhanced rate was legal, and was founded upon a good consideration, and has been performed, the transaction will not be disturbed, nor will the excess of interest paid be applied as a payment on the principal. It is like an executed agreement to pay interest upon interest accrued. This is compound interest. An agreement to pay interest on interest thereafter to accrue, will not be enforced. But after it has been paid, it cannot be recovered back (*Mowry* v. *Bishop*, 5 Paige, 98), and by parity of reason it will not be applied as a payment upon principal. (See *N. Y. Life Ins. & Trust Co.* v. *Manning*, 3 Sandf. Ch., 58, which is directly in point.)

The judgment appealed from must be affirmed, with costs to the respondent.

All concur, except Church, Ch. J., not voting.

Judgment affirmed.