Speib, J.
[After stating the facts.]—The defense of usury does not seek to establish another claim counter to the plaintiff’s claim. Within the meaning of the Code such a claim asserts simply that the plaintiff’s claim is void in law and cannot be enforced.
Whether there be usury in the transaction, it is pretty plain the defendants can not be allowed to prove usury in this case. The rule is too familiar and well settled, that when the owner of land gives mortgages to secure the payment of a debt, and afterwards sells and conveys the equity of redemption, subject to the lien of the mortgage, and the purchaser assumes the payment of the mortgage as a portion of the purchase money, the latter becomes personally liable for the payment of the debt of the former, to the holder of the mortgage. *366 If the purchaser, by taking a conveyance of the premises from the mortgagor, subject to the lien, and payment of a mortgage, could set up the defense of usury against such mortgage, the purchaser would obtain an interest in the land which the mortgagor never agreed or intended to transfer to him. It is true the mortgagor may, if he think proper to do so, waive the usury and elect to affirm the mortgage by selling and conveying, his property, subject to the lien and payment of such mortgage; and the purchaser, in such a case, takes the equity of redemption, merely, and can not question the validity of the mortgage, on the ground of usury. The defense of usury is a personal defense. It must follow, therefore, that the defendants, Cecilia Elias and Jacob Elias, can not set up the defense of usury, for they conveyed the premises in question to Raphael Elias, and he, and his wife, conveyed to the defendant, Cecilia Elias. In both cases the conveyances were made subject to the lien and payment of the mortgage in question.
The attempt to get rid of the effect by conveying the premises to Cecilia Elias, by her assuming the mortgage, on the ground that it was a mistake, and executing another, leaving out the assumption clause, will not aid the defendants. The rights of the vendor became fixed the moment she took the deed, and it was not in their power to divest him of those rights. This is clearly decided by the court of appeals.
[Some remarks on the question of tender, are omitted.]

 Slauson v. Watkins it was held, at about the same time, by the same judge, that where the purchaser, a lawyer, under a contract by which he was to assume an existing mortgage, took a deed in the name of his wife, omitting the clause as to assumption, and she in turn conveyed to a third person without any such clause, leaving the grantor apparently solely liable, a court of equity would, on satisfac *367 tory evidence, compel him to pay the mortgage in exoneration of the grantor.
Trial by the court.
Speie, J.—The defendant, Watkins, entered into an agreement under seal to purchase a house, lot and furniture of the plaintiff on the 18th of April, 1878, for the sum of $35,000, and to pay $32,000 by the assumption of a mortgage on the premises—$3,000 in his notes, and $10,000 in bonds of Midland Railroad Co. The deed and a lease of the premises were executed about the same time, but the deed was dated back—and these papers must be taken and construed together, forming one transaction. It appears that the name of Watkins’ wife was put in the deed as grantee, and the clause assuming the mortgage was omitted, without the knowledge of the plaintiff, as she claims. These two facts are denied by the defendant Watkins. For the purpose of this action in" one aspect of the case it may not be important what the truth is as to this dispute. It is plain that Watkins recognized, in the clearest manner, his liability to pay the mortgage. He paid subsequently $2,000 on the mortgage and got an extension for the payment of $3,000 (the balance of an installment of $5,000) and paid interest on the mortgage. Mrs. Watkins conveyed the premises to one Mason Loomis, leaving out the assumption clause of the mortgage, and thus leaving no one liable for the payment of this mortgage on the record but the plaintiff.
The only question in the case is, shall Watkins, in a court of equity, be compelled to assume this liability. He, solemnly, under his seal, agreed to do so as a part of the consideration of his purchase. He entered into possession and enjoyment of the premises, and I think the plaintiff is entitled to be released from the obligation to pay the mortgage. The defendant was, by profession, a lawyer, and was dealing with a married woman, not so conversant with the effect of such a clause in the deed as assumption of mortgages or other liens. Besides, the deed and papers were prepared under his direction and the transaction was carried through with great haste. In any aspect of the case I am at a loss to see how he can escape from his written contract, especially after attempting to carry it out.
The plaintiff must have judgment.