EUNICE L. ROOT AS EXECUTRIX, ETC., OF JOHN H. ROOT, DECEASED, RESPONDENT, *v.* THOMAS R. WRIGHT, APPELLANT, IMPLEADED, ETC.

*Attorney and client—when a communication between them is not privileged—Code of Civil Procedure, § 835—in an action to foreclose a mortgage, a mortgagor who has conveyed the property is not a necessary party—when one who has assumed the payment of a mortgage is estopped from disputing the amount due thereon.*

One Foster, the owner of a lot upon which was a mortgage for $1,000, owned by one Root, and one for $500, owned by one Crosby, entered into negotiations with the defendant Wright, for the sale of the lot to him, subject to the Root mortgage, upon the agreement that he should pay the Crosby mortgage. While the negotiations were pending, Foster, Crosby and Root each called upon one Howe, an attorney, and requested him to draw such papers as might be necessary to carry out the agreement between them, which he did. Thereafter Foster conveyed the lot to Wright by a deed,

containing a clause by which the latter assumed the payment of the Root mortgage. Wright also agreed to and did thereafter pay and discharge the Crosby mortgage.

In an action to foreclose the Root mortgage, and hold Wright liable for any deficiency that might arise on a sale, he claimed that the deed, though absolute on its face, was intended as a mortgage, and that he was not liable, upon the covenant, for the assumption of the Root mortgage contained therein.

*Held*, that the relation of attorney and client did not exist between Wright and Howe, so as to render the testimony of the latter as to the declarations and acts of the parties relating to the agreements entered into between them, inadmissible, under section 835 of the Code of Civil Procedure.

That although Wright's grantors might be proper, yet they were *not necessary*, parties to the action.

The deed provided that there was due on the Root mortgage "$1,000 and interest thereon from April 1, 1872, which amount the said Wright hereby assumes to pay."

*Held*, that Wright was thereby estopped from showing that Foster had, on April 5, 1872, paid to Root an usurious *bonus* to induce him to agree to an indefinite extension of the mortgage, and that he was not entitled to have the amount so paid credited upon the mortgage.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*S. N. Dada*, for the appellant.

*Howe & Rice*, for the respondent.

TALCOTT, P. J.:

This appeal is from a judgment entered on the report of a referee in the county of Oswego. The action is to foreclose a mortgage and to hold the defendant, Thomas R. Wright, liable for any deficiency which may not be realized on a sale of the mortgaged premises, by reason of a covenant contained in a deed of the mortgaged premises, which was an absolute deed on the face of it, executed by George Foster, the mortgagor, who was personally bound for the mortgage debt, and his wife, to the defendant, Thomas R. Wright. The said deed contained the usual covenant of general warranty, from which the mortgage in question was excepted in the following language: "Except as against a certain mortgage owned and held by one Root, on which is unpaid the sum of $1,000, and interest thereon from April 1, 1872, which

amount the said Wright hereby assumes to pay in addition to the aforesaid purchase price."

Wright set up as a defense to the claim to hold him responsible for any deficiency, that the deed from Foster and wife to him, though absolute on its face, was, in fact, intended as a mortgage to secure the said Wright for a certain liability of said Wright on a note made by a son of the said Foster, and on which the said Wright was a second indorser under the said Foster, and for $500, which Wright, at or about the time of the delivery of the deed, advanced to one Crosby in payment of a bond and mortgage on the same premises, and which said sum the said Foster agreed to repay to him, Wright. The defendant, Wright, also alleges that he was not present when the deed was executed, and never received or accepted it with knowledge that it contained any clause whereby he assumed the payment of the Root mortgage, and was not aware that the deed contained the said clause till some four years after the date and delivery of the deed. He also insists that there is a defect of parties in the suit, and that the said Foster and wife, his grantors, ought to have been made parties. The referee has found as a matter of fact that although it was originally agreed by parol that Foster should convey the premises to Wright under an agreement that one Crosby should transfer to Wright a second mortgage held by Crosby on the same premises, and that when Foster should pay to Wright the amount the latter should pay for the assignment of Crosby's mortgage and what he, Wright, should pay on the note which had been indorsed by him for the benefit of Foster's son, that afterwards, and on the same day, a new and different agreement was entered into by parol between Foster, Wright and Crosby, whereby Crosby was to cancel and satisfy his mortgage, and Foster was to execute and deliver to Wright another mortgage on what was called the "wood lot," for the sum of about $500, which sum Wright agreed to pay Crosby in payment and satisfaction of the latter's said mortgage. That Crosby did thereupon execute and deliver a satisfaction-piece of his said mortgage and Wright afterwards paid him about $500 for the same ; and further finds in substance that the said deed was executed by Foster and wife to Wright as an absolute deed, without any

agreement that Wright should take or hold the same as security or otherwise than as an absolute deed, although Wright "expressed a willingness to reconvey the premises to said Foster whenever the latter should repay to Wright the price which he, Wright, was then paying for the same." And the referee further finds that just prior to the execution of the deed from Foster and wife to Wright, the said deed was read over to Wright, and the contents thereof made known, to him. We understand the counsel for the appellant Wright as conceding that this finding of facts cannot be disturbed provided the referee decided correctly in receiving the testimony of Mr. Howe concerning the transaction. Mr. Howe was an attorney and counselor at law, and during the negotiation was visited by the grantor Foster and by Crosby, who held the said second mortgage, and by Wright, and requested to draw the necessary papers to carry out the arrangement between the three, and his testimony related to the understanding and agreement finally arrived at by the three parties, and their several declarations and acts relating thereto. His testimony on this subject was objected to by the appellant on the ground that the same was within the prohibition of section 835 of the Code of Civil Procedure—which provides that an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon in the course of his professional employment.

It is obvious from the note to that section that it was only intended to enact the rule which had been held on this subject at the common law. The conversations and communications, so far as they consisted of the conversations of Wright, were not intended as confidential communications by Wright to his attorney and counsel, but were communications made not only in the presence of the attorney but in the presence of all the other parties to the arrangement. Under such circumstances, where the communication takes place in the presence of all the parties to the arrangement, and where the only relation of attorney and client grows out of the fact that the attorney was employed to draw the papers between the three parties holding adverse interests in relation to the subject-matter in respect to which the conversation sought to be proved by the attorney took place, we understand the rule to be that such con-

versation is not privileged. (*Brandt* v. *Klein*, 17 Johns., 335; *Coveney* v. *Tannahill*, 1 Hill, 33; *Whiting* v. *Barney*, 30 N. Y., 330; *Britton* v. *Lorenz*, 45 Id., 51; *Hebbard* v. *Haughian*, 70 Id., 54.) We think, therefore, that the referee committed no error in receiving the testimony of Mr. Howe respecting the arrangement then made by and between Wright, Crosby, and Foster.

Foster and wife having absolutely conveyed to Wright all their interest in the equity of redemption, and, as between the parties holding only the relation of sureties for Wright as to the personal obligation to pay the bond and mortgage of the plaintiff, though perhaps *proper*, if the plaintiff had seen fit to make them so, were not necessary parties to the foreclosure suit. (*Drury* v. *Clark*, 16 How. Pr., 424; *Bigelow* v. *Bush*, 6 Paige, 343; *Gilbert* v. *Averill*, 15 Barb., 20.)

The referee also finds that Foster paid to Root, on April 5, 1872, more than two years before the conveyance of the premises to Wright, the sum of $15, which he finds was not a payment upon the mortgage, in satisfaction of so much of the principal or interest due thereon, but upon an agreement to extend indefinitely the time for the payment thereof; which item of $15 the referee did not allow as a payment upon the mortgage, and to the non-allowance of this item the appellant excepts. The referee puts the non-allowance of this item upon the ground that Wright is stopped by his assumption of the amount of the mortgage fixed at $1,000, with interest from April 1, 1872. If the $15 was paid upon the account found by the referee it was so much in excess of the legal interest. It was not paid to apply in satisfaction of so much of the bond and mortgage, and it is well settled that the grantor may convey subject to the payment of a mortgage on which a usurious payment has been made without giving the grantee a right to have the usurious payment applied in satisfaction of the mortgage which he has assumed to pay. (*Shufelt* v. *Shufelt*, 9 Paige, 145; *Ritter* v. *Phillips*, 53 N. Y., 586; *Barthet* v. *Elias*, 2 Abb. N. C., 364.)

The other exceptions taken by the appellant to the reception of evidence have no connection with the merits, and in an equity case may be disregarded.

The judgment should be affirmed, with costs of the appeal.

SMITH and HARDIN, JJ., concurred.

Judgment affirmed, with costs of appeal.