Purman, Appellant, *v.* Smith.

Submitted January 28, 1937. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas R. Purman,* propria persona, appellant.

*Isabel Darlington,* for appellee, filed no brief.

OPINION BY KELLER, P. J., March 16, 1937:

This was a bill in equity to restrain the foreclosure of a mortgage.

Sometime prior to September, 1932, the plaintiff Purman, orally agreed with one Moore, a real estate agent acting for the executors of the will of Frank J. Elston, deceased, to buy from them a farm in Chester County. The price to be paid was $5,500, and Purman paid $1,500 on account of it, in installments, to Moore, who embezzled it.

The sale was put through on September 21, 1932. The executors conveyed the premises to Purman by deed duly executed and recorded, and Purman paid $4000 cash and executed and delivered a bond and mortgage to Ella Elston Balson, one of the executors, for $1200, the remaining $300 representing commissions, etc. due Moore. The chancellor found, as a fact, that this bond and mortgage were given by plaintiff gratuitously, voluntarily and of his own accord, in order to make good to the Elston Estate the defalcation of their real estate agent, Moore; that they were in the nature of a gift, but no conditions affecting their payment were attached to or agreed to by the parties or the Executors of Frank J. Elston.

By deed of special warranty, dated March 7, 1933, Purman conveyed the real estate to Mildred E. Underwood, "under and subject to the payment of the principal sum of $1200 and interest thereon secured by mortgage given by Thomas R. Purman to Ella Elston Balson, dated September 21, 1932 and recorded in Mortgage Book K-11, page 209."

On April 19, 1933 Ella Elston Balson assigned the said mortgage and bond to Charles H. Elston by assignment duly recorded, and on August 26, 1933 Charles H. Elston assigned the mortgage and bond to Alice A. Smith, the defendant, by assignment duly recorded. Previous to taking her assignment Mrs. Smith received from Purman a declaration of no set off, declaring that the principal of said mortgage, with interest at six per cent from March 21, 1933, was owing, and that he had no charge, claim, demand, or set off against the same. This declaration erroneously recited that Purman was then the owner of the premises.

Mrs. Smith having threatened to foreclose the mortgage for default in payment of interest, the plaintiff, Purman, on January 15, 1934 filed this bill to enjoin foreclosure or any proceeding on the bond or mortgage, and to require the mortgage to be satisfied and the bond delivered up for cancellation. No injunction affidavits were filed or bond given. The defendant accepted service of the bill and entered her appearance, and the next day issued a writ of scire facias on the mortgage, which was duly served on the mortgagor and the real owner, Mildred E. Underwood, and judgment was taken on March 7, 1934 for $1,335.17. Mrs. Smith filed an answer to the bill in equity and later, a supplemental answer, and the case proceeded to trial on October 2, 1934. In the meantime the real estate subject to the mortgage was sold on April 26, 1934, under writ of levari facias, for $2,800, or more than

enough to pay the debt, interest and costs in full, thus satisfying the mortgage and discharging the plaintiff of all liability on the bond.

The chancellor dismissed the bill on the ground that the plaintiff had no interest which would justify the court in granting relief as prayed for.

The court in banc dismissed exceptions to the decree nisi and entered a final decree dismissing the bill. Plaintiff appealed. The appeal is without merit.

We are of opinion that the evidence required a finding that the mortgage was given for a valuable consideration. While Moore was a real estate agent acting for the Elston executors in the sale of this real estate, there is no evidence in the case that he had any authority to receive the purchase money or any part of it. When Purman paid Moore $1,500 on account of the purchase price he did so at his own risk, and the payment did not bind the Elston Estate. Of course, he could not be required to complete the purchase and pay $5,500 to the Elston executors; but they could not be required to convey the property unless or until they received the full consideration. If the deal fell through, Purman was out the $1,500 he had paid Moore without legal authority, and also some additional payments made by way of improvements to the property. His giving a bond and mortgage for $1,200 to complete the transaction was, therefore, for a valuable consideration. But even if it was "given gratuitously, voluntarily and in the nature of a gift," in the sense that plaintiff was not *obliged* to execute and deliver it, it was enforceable, being under seal and necessary to complete the sale transaction. His sale of the real estate subject to the mortgage was an act of ratification and the grantee took the real estate subject to the mortgage, although assuming no personal liability to any one but her grantor.

Thereafter, Purman's only interest was his personal

238

liability on the bond. That having been ended by a sale of the real estate for sufficient to pay the debt, interest and costs, he was not injuriously affected by the foreclosure.

The decree is affirmed at the costs of the appellant.