62

**In re SOLOMON.**
No. 13753.

District Court, E. D. Pennsylvania.

July 31, 1941.

Edmund R. Finegan, of Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., for plaintiff petitioners.

P. Morton Rothberg and Alexander Solo, both of Philadelphia, Pa., for defendant trustee.

KALODNER, District Judge.

The facts in this case are stated clearly and succinctly by the referee in his opinion as follows:

"While one Anthony Narkiewicz and Waleryz Narkiewicz, his wife, owned title to premises 2052 Fairmount Avenue, Philadelphia, Pa., as tenants by the entireties, the husband, without the joinder of his wife, gave to the petitioner's assignor his bond for $10,000 and a mortgage, purporting to secure the loan by a first lien upon the said premises. At the same time the husband, again alone, gave his bond for $6,000 and executed what purported to be a second mortgage on the premises to a building and loan association. Then, about a year later, husband and wife joined in a deed conveying their title by the entireties to the bankrupt and another, as tenants in common, 'under and subject, nevertheless, to the payment of two mortgage debts aggregating the sum of $16,000.' About three years after this conveyance and while the

bankrupt was still the owner of a one-half undivided interest in the property, the building association carried out foreclosure proceedings on a judgment entered on the husband's bond. The bankrupt apparently assumed the foreclosure proceeding to be effective against his interest in the title to the property for he did not include it in his schedules and it was not administered as an asset of his bankrupt estate. The bankrupt's trustee was in due course discharged and the case closed. The petitioners, however, discovering the defect in the execution of the mortgage, filed a bill in equity in Common Pleas Court joining all interested parties as defendants, including the trustee in bankruptcy, and praying that the mortgage be declared enforceable in equity and that the premises be sold to satisfy the mortgage. Pursuing what seems a dubious course, the petitioners have obtained decrees pro confesso against all party defendants in that suit including the husband and wife, the building association and the assignee of the bankrupt's tenant in common but not against the trustee in bankruptcy. Now, on petitioners' initiative the case has been reopened to permit of an adjudication of the trustee's interest in the property, he having been reelected to that office.

"The petitioners pray for an order (a) that the trustee's title to the one-half undivided interest in the premises be declared subject to the petitioner's mortgage, and (b) to be authorized to join the trustee as a defendant in the equity proceeding in the Common Pleas Court, there to be permitted to enter a decree pro confesso against him and thereafter to proceed to final decree and sale of the premises to satisfy the mortgagee."

The specific question before the court is whether the bankrupt's one-half undivided interest in the premises 2052 Fairmount Avenue is subject to the above-mentioned first mortgage in the sum of $10,000.

I am of the opinion that the referee was in error in denying the relief sought by the mortgagee.

The case at bar is governed by the principles of "estoppel by deed" of which the following is a clear statement:

"Estoppel of the grantee of a deed, viewed generally, is of the nature of equitable estoppel rather than technical estoppel by deed, since the estoppel is not predicated primarily on the execution of a formal written instrument which cannot be denied or rebutted, but rather on the inability of a person, in the eyes of the law, to acquiesce in, and enjoy the benefits of, a transaction and at the same time reject the accompanying burdens. A person cannot claim under an instrument without confirming it. He must found his claim on the whole, and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it." 19 American Jurisprudence 619, § 21.

The doctrine of estoppel by deed, particularly as it relates to the law of the State of Pennsylvania, was exhaustively considered by the Supreme Court of the United States in Gibson v. Lyon, 115 U.S. 439, 6 S.Ct. 129, 133, 29 L.Ed. 440, wherein the court states:

"* * * If that recital [that it is made under and subject to the payment of the mortgage under which the defendants claim] does not create a personal liability for the payment of the debt, enforceable against the purchaser in an action of covenant, it is, nevertheless, a condition upon which his title vested and depends. He certainly cannot be permitted to claim both under and against the same deed; to insist upon its efficacy to confer a benefit and repudiate a burden with which it has qualified it; to affirm a part and reject a part. The whole title of the plaintiff in error rests upon that conveyance, and the continued existence of the mortgage as an incumbrance forms part of it. The deed comes into the case as evidence on behalf of the plaintiff, as the necessary support of any title whatever, and when he proves it for that purpose, he proves the existing mortgage of the defendant by the same act. The defendant's title, in other words, is part of the plaintiff's title, and by the very document relied on to establish the latter, the former is shown to be its superior, for it declares the title of the plaintiff to be subject to that of the defendant. It is a plain case of an estoppel. This view is supported by the decisions of the supreme court of Pennsylvania, in which the objections to it presented in argument here, have been fully met. Stackpole v. Glassford, 16 Serg. & R. [Pa.] 163; Zeigler's Appeal, 35 Pa. 173; Crooks v. Douglass, 56 Pa. 51; Ashmead v. McCarthur, 67 Pa. 326. * * *"

In Purman v. Smith, 126 Pa.Super. 234, 237, 191 A. 65, 66, the plaintiff attacked the mortgage which he created as invalid. The court held: "His sale of the real estate subject to the mortgage was an act of ratification and the grantee took the real estate subject to the mortgage, although assuming no personal liability to any one but her grantor."

See, also, Federal Trust Co. v. Bristol County Street Railway Co., 218 Mass. 367, 105 N.E. 1064 (distinguishing Weed Sewing Machine Co. v. Emerson, 115 Mass. 554, cited by counsel for the trustee in bankruptcy), and Fair Oaks Building & Loan Association v. Kahler, 320 Pa. 245, 181 A. 779, 111 A.L.R. 1108; American Waterworks Co. v. Farmers' Loan & Trust Co., 8 Cir., 73 F. 956; Cheffee v. Geageah, Supreme Judicial Court of Massachusetts, 253 Mass. 586, 149 N.E. 620.

In American Waterworks Co. v. Farmers' Loan & Trust Co., supra [73 F. 961], it was held:

"The New Jersey Company, we think, is estopped from asserting the invalidity of the mortgages executed by its predecessor, the Illinois Company, by virtue of the well-established rule that a purchaser of property who accepts a conveyance thereof which describes incumbrances existing thereon, and expressly declares that the conveyance is made subject thereto, will not be allowed to question the validity of such incumbrances. One who thus buys property has no right to challenge the validity of a mortgage lien existing thereon at the date of his purchase, which his grantor by the terms of his conveyance did not see fit to challenge, but recognized in the most formal manner by declaring that he conveyed the property subject to the existing lien. Whether such mortgage is valid or otherwise is no concern of the purchaser, for in contemplation of law he only acquires an equity of redemption in the property conveyed to him,—that is to say, a right to discharge the mortgage debt,—and it would be a breach of good faith, having purchased this right and nothing more, to deny the validity of the incumbrance, and seek to avoid the payment thereof on that ground. As between the grantor and grantee in a conveyance made subject to an existing mortgage, the amount of the incumbrance should be regarded as a part of the purchase price left unpaid at the date of the conveyance which the grantee undertakes to pay. At all events, he impliedly agrees not to challenge the validity of the incumbrance. The authorities to this point are amply sufficient, in our opinion, to preclude the New Jersey Company from defending against the foreclosure on the ground that the mortgages are invalid. Freeman v. Auld, 44 N.Y. 50; Johnson v. Thompson, 129 Mass. 398; Ritter v. Phillips, 53 N.Y. 586; D'Wolf v. Johnson, 10 Wheat. 367 [6 L.Ed. 343]; Calkins v. Copley, 29 Minn. 471, 13 N.W. 904; Shufelt v. Shufelt, 9 Paige [N.Y.] 137, 145 [37 Am.Dec. 381]; Jones, Mortg. (4th Ed.) §§ 744, 1491, and cases there cited."

I agree with the court in Federal Trust Co. v. Bristol County Street Railway Co., supra [218 Mass. 367, 105 N.E. 1066], that the position of the trustee in bankruptcy "does not commend itself to a court of equity and its contentions would not be sustained unless required by the law". In this case on the foreclosure of a mortgage its validity was assailed upon the ground that the corporation which created it did not have authority to do so. The mortgaged property had been sold and conveyed after the creation of the mortgage, pursuant to certain receivership proceedings. The decree of sale in the receivership proceedings decreed specifically that the conveyance should be subject to the mortgage. In determining that the grantee in the receivership proceedings was estopped to deny the validity of the mortgage the court said:

"Under the facts thus disclosed the Taunton & Pawtucket Street Railway Company is estopped to deny the validity of the mortgage. * * * The price obtained by the receivers was based upon the assumption that the purchaser would be obliged to pay, or assume the obligation to pay, so far as secured by the property, the sum of this mortgage, and the cash passing to the receivers was diminished by that amount. The thing which was conveyed by the receivers was in substance the equity above the mortgage. The position of the new company does not commend itself to a court of equity and its contentions would not be sustained unless required by the law."

In Fair Oaks B. & L. Association v. Kahler, supra, the court said at page 251 of 320 Pa., at page 781 of 181 A., 111 A.L.R. 1108: "Where a conveyance is made subject to a mortgage, the amount due on the mortgage is presumptively part of the consideration for the purchase."

The Act of June 12, 1878, P.L. 205, 21 P.S.Pa. § 655,[1] cited by the referee has no application to this case. The question of personal liability of the grantee is in no way involved, and to use the language of Gibson v. Lyon, supra, "If [the recital under and subject to the mortgage] does not create a personal liability for the payment of the debt, enforceable against the purchaser in an action of covenant, it is, nevertheless, a condition upon which his title vested and depends."

As enunciated by the cases referred to above, the doctrine of estoppel by deed is a distinct kind of estoppel which does not require all of the elements of estoppel in pais. Hence the argument of counsel for the trustee in bankruptcy based upon the general principles of estoppel is inapplicable.

The referee evidently fell into error by reason of the fact he seemed to regard the action as seeking to establish a personal liability on the part of the bankrupt, which was barred by the Pennsylvania Act of June 12, 1878. There is no attempt in this case to fasten such personal liability upon the bankrupt. The action seeks only to establish that the bankrupt, when he took title together with another from himself and his wife under and subject to the mortgages, was bound by the mortgages and could not question their validity under the law.

I agree with the referee that the trustee in bankruptcy stands in the shoes of the bankrupt to the extent of the bankrupt's interest in the property (Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c.[2]). The trustee's (in bankruptcy) rights can rise no higher than that of the bankrupt. Since the undisputed testimony is that the bankrupt estate has no equity over and above the mortgage held by the petitioner, there appears to be no reason for denying the prayer of the petition.

See Janney v. Bell, 4 Cir., 111 F.2d 103. In that case the court held (pages 108, 109): "The bankrupt-trustee is not a bona fide purchaser for value, but stands generally in the shoes of the bankrupt and takes property subject to equities existing against the bankrupt. Wiltshire v. Warburton, 4 Cir., 59 F.2d 611. See also Glenn, Fraudulent Conveyances and Preferences (Rev.Ed.) Section 100 d., and see Hewit v. Berlin Machine Works, 194 U.S. 296, 24 S.Ct. 690, 48 L.Ed. 986; York Manufacturing Co. v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782; Zartman v. Waterloo First National Bank, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418; In re Scruggs, D.C., 205 F. 673, 675. Section 70, sub. c, of the Bankruptcy Act, U.S.C.A. Title 11, Sec. 110, sub. c makes specific and separate provisions as to two different situations."

See, also, Commercial Credit Co. v. Davidson, 5 Cir., 112 F.2d 54.

For the reasons stated the order of the referee is reversed and the prayer of the petitioner is granted.

---

1 "§ 655. Grantee not to be liable for encumbrances

"A grantee of real estate which is subject to ground rent or bound by mortgage or other encumbrance, shall not be personally liable for the payment of such ground rent, mortgage or other encumbrance, unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance stating that the grant is made on condition of the grantee assuming such personal liability: Provided, That the use of the words 'under and subject to the payment of such ground rent, mortgage or other encumbrance,' shall not alone be so construed as to make such grantee personally liable as aforesaid. (1878, June 12, P.L. 205, § 1.)"

2 "c. The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists."