**Leo and Sandra L. SHEDDEN,**
**Appellants**

v.

**ANADARKO E & P COMPANY,**
**L.P., Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 2013.

Filed March 14, 2014.

---

David J. Brann, Troy, for appellants.

Andrea E. Hammel, W. Conshohocken, for appellee.

BEFORE: DONOHUE, SHOGAN and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:

Leo and Sandra L. Shedden (collectively "the Sheddens" or "Plaintiffs") appeal from the Order entering summary judgment against them and in favor of Anadarko E & P Company, L.P. ("Anadarko" or "Defendant"). We affirm.

The trial court set forth the relevant facts and procedural history underlying this appeal as follows:

On May 23, 2006, Plaintiffs leased to Defendant the oil and gas rights underlying Plaintiffs' 62[-]acre parcel of real estate[, located in Tioga County (sometimes referred to as "the premises"),] for a term of five years.[1] Following execution of the [L]ease, Defendant sent Plaintiffs a Lease Purchase Report and an Order of Payment reflecting a bonus payment due Plaintiffs for $80[.00] per acre on 62 acres, or $4,960.00. Subsequently, Brian Hale, the land agent who negotiated the terms of the [L]ease on behalf of Defendant, notified Plaintiffs that he had discovered that Ezra and Emma Baxter ["the Baxters"] had re-served one-half of the subject oil and gas rights pursuant to a February 21, 1894 deed. Brian Hale explained to Plaintiffs that Defendant would only pay Plaintiffs a bonus payment for 31 acres rather than for 62 acres. As a consequence, Defendant sent Plaintiffs a bonus payment of $2,480.00 [hereinafter "the Bonus Payment",] which constituted $80.00 per acre for 31 acres.

Two years later, Plaintiffs filed a Motion to Quiet Title on the [Baxters'] previously reserved interest in the subject oil and gas rights. On July 30, 2008, [the trial] court granted Plaintiffs' Motion and ordered that Plaintiffs [are the] owners in fee simple of all the oil and gas rights associated with their 62[-]acre parcel.

On March 31, 2011, [pursuant to a provision contained in the Lease affording Defendant an option to extend the Lease,] Defendant sent Plaintiffs a check in the amount of $4,340.00[,] representing an extension payment of $70.00 per acre for 62 acres for an additional term of five years [ (hereinafter referred to as the "Lease Extension") ]. Plaintiffs, however, have not cashed the check because, in their belief, it amounts to an overpayment of $2,170.00.

On October 21, 2011, Plaintiffs filed a [C]omplaint seeking a judgment declaring that the [ ] [L]ease only pertains to oil and gas contained on 31 acres of Plaintiffs' land. Defendant, who has not alleged any dispute in the facts, filed a Motion for Summary Judgment arguing that Plaintiffs are estopped by their contractual promises[,] and by the doctrine of estoppel by deed[,] to deny that the [ ] [L]ease covers all oil and gas underlying the 62[-]acre property.

_____

1. We set forth below the relevant provisions of the parties' lease agreement (hereinafter the "Lease").

Plaintiffs' response and argument in opposition to Defendants' Motion for Summary Judgment is that [Plaintiffs] could not lease all of the subject oil and gas rights because they only owned one-half of the oil and gas rights at the time the [L]ease was executed. Since Defendant only leased Plaintiff's one-half share of the oil and gas rights, Plaintiffs contend that Defendant only had the ability to extend the [initial, five-year] term of the [L]ease as to one-half of the subject oil and gas rights.

Plaintiffs argue that the initial 31-acre [B]onus [P]ayment operated to amend the written Lease, thereby leaving them free to lease the "additional" 31 net acres they later acquired to whomever they pleased, without regard to the existing exclusive [L]ease to Anadarko.

Trial Court Opinion, 6/20/13, at 2–3 (footnote added).

After a hearing, the trial court entered an Order on April 16, 2013, granting Anadarko's Motion for Summary Judgment and dismissing the Sheddens' Complaint. In so ruling, the trial court stated as follows:

The court hereby finds as a matter of law that the Lease covers all oil and gas underlying the entirety of Plaintiffs' 62–acre property ... and that the [initial t]erm of the Lease was timely and validly extended [via Anadarko's Lease Extension payment], and the Lease remains in effect according to its terms.

Order, 4/16/13. In response, the Sheddens timely filed a Notice of Appeal.

Before addressing the Sheddens' claims, we observe that the following provisions of the Lease are germane to this appeal. The Lease provides that "LESSOR hereby grants, demises, leases and lets exclusively to LESSEE the oil and gas, including methane gas, underlying the land herein leased...." Lease, 5/23/06, at 1. The Lease defines the leased premises as "containing[,] for the purpose of calculating rentals and royalties, **62.00 acres**[,] whether actually containing more or less[,]" as well as "any and all strings or parcels of land adjoining or contiguous to the above described land and owned or claimed by LESSOR...." *Id.* (emphasis in original).[2]

The Lease provides that the lease term was five years (beginning on May 23, 2006), and that the Lease may be extended for a period of five years if Anadarko exercised its option to extend the Lease (hereinafter "Option to Extend") by paying the Sheddens an extension payment of $70.00 per acre of the land then owned by the Sheddens. *Id.* at 1, 3.

Notably, the Lease contains a covenant of warranty provision, providing that

LESSOR covenants and agrees that ... LESSOR has full title to the premises and to all the oil and gas therein at the time of granting this Lease, and forever warrants title to the leasehold estate hereby conveyed to LESSEE, that LESSEE shall have exclusive, full and quiet possession of the premises....

*Id.* at 2.

Finally, the Lease provides that "[i]f LESSOR owns less than all of the oil and gas rights in the premises, LESSOR shall be entitled to only a share of the rentals and royalties equivalent to the proportion of such oil and gas rights owned by LESSOR." *Id.*

**2.** On the same day that the parties executed the Lease, they also executed a "Memorandum of Oil and Gas Lease" ("Lease Memorandum"), confirming that the parties agreed that the leased premises "contain[ed] a total of **62.00 acres**, whether actually more or less." Lease Memorandum, 5/23/06 (emphasis in original).

On appeal, the Sheddens present the following issues for our review:

I. Did the trial court err in finding that all of [the] Sheddens' oil and gas rights are subject to [the terms of the L]ease?

II. Did the trial court err in granting summary judgment for Anadarko [ ]?

Brief for Plaintiffs at 4. We will address the Sheddens' interrelated issues simultaneously.

 Our standard of review of an order granting or denying a motion for summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 614 Pa. 335, 37 A.3d 1175, 1179 (2012) (citation omitted). In the instant case, there is no dispute between the parties regarding the facts underlying this appeal, and we therefore confine our review to the trial court's legal conclusions.

The Sheddens summarize their argument on appeal as follows:

Anadarko's [L]ease and subsequent [Lease E]xtension only covers one-half of the oil and gas rights on the Sheddens' 62[-]acre parcel of real estate.

First, the Sheddens only owned one-half of the oil and gas rights on said property when they executed the [L]ease. Second, and most important, Anadarko only paid the Sheddens an up-front rental[, *i.e.*, the $2,400.00 Bonus Payment,] on one-half of the oil and gas rights once Anadarko discovered [the Baxters'] 1894 deed reserving the other one-half interest. The Sheddens' subsequent acquisition of the previously reserved oil and gas rights should not, therefore, be considered after-acquired property. Rather, the previously reserved rights should be free and clear of Anadarko's [L]ease.

Brief for Plaintiffs at 7. The Sheddens argue that the trial court improperly found that the doctrine of estoppel by deed applied and barred them from disputing that the Lease covers all oil and gas underlying the 62–acre premises. *Id.* at 9. Accordingly, the Sheddens contend that the trial court erred by entering summary judgment against them. *Id.* at 10–11. We disagree.

The equitable doctrine of estoppel by deed is well-settled in this Commonwealth. Over a century ago, our Pennsylvania Supreme Court stated that, under this doctrine, "where a party conveys land to which he had no title, or a defective title, and afterwards acquired a good title, that title immediately inures to the benefit of the grantee." *Dixon v. Fuller*, 46 A. 553, *6 (Pa.1900). Additionally, the Supreme Court stated that where, as here, "one conveys land with a covenant of warranty against all lawful claims and demands, he cannot be allowed to set up against his grantee, or those claiming under him, any title subsequently acquired by him by purchase or otherwise." *Id.* Rather, the subsequently acquired title "will inure, by way of estoppel, to the use and benefit of his grantee, his heirs and assigns." *Id.* Relatedly, this Court has held that

[w]here one leases property which he at such time does not own and afterwards acquires ownership of such property and then attempts to repudiate the lease, he is estopped from denying the lease on the grounds that he did not have the power to lease the property at the time of the lease.

*Hennebont Co. v. Kroger Co.*, 221 Pa.Super. 65, 289 A.2d 229, 233 (1972).

■ In the instant case, the Lease contains a covenant of warranty provision, wherein the Sheddens guaranteed that they "ha[ve] full title to the premises and to all the oil and gas therein at the time of granting [the] Lease." Lease, 5/23/06, at 2. Both the Lease and the Lease Memorandum expressly state that the leased premises are comprised of 62 acres, whether actually more or less. *Id.* at 1; Lease Memorandum, 5/23/06. Although, at the time of executing the Lease, the Sheddens only owned clear title to the oil and gas underlying 31 acres of their 62–acre property, they subsequently acquired title to the remaining 31 acres of oil and gas that was previously reserved by the Baxters (hereinafter "the reserved 31 acres"), via the 2008 quiet title action.

■ Pursuant to the doctrine of estoppel by deed, the Sheddens are barred from denying that the Lease covers all 62 acres of the leased premises by pointing out that, at the time of execution of the Lease, they did not have the power to lease the rights to the reserved 31 acres. *See Hennebont Co., supra; Dixon, supra.*[3] The Sheddens' after-acquired title to the reserved 31 acres inured, by the way of estoppel, to the use and benefit of Anadarko. *Dixon, supra.*

■ Moreover, contrary to the Sheddens' argument, it is of no moment to the application of the doctrine of estoppel by deed that Anadarko initially paid them for only the oil and gas underlying one-half of the premises (*i.e.,* via the $2,400.00 Bonus Payment). Because the Sheddens held clear title to only one-half of the oil and gas at that time, they were only entitled under the Lease to be compensated for the amount of oil and gas that they actually owned. *See* Lease, 5/23/06, at 1 (providing that "[i]f LESSOR owns less than all of the oil and gas rights in the premises, LESSOR shall be entitled to only a share of the rentals and royalties equivalent to the proportion of such oil and gas rights owned by LESSOR."). Moreover, the Sheddens' receipt of the Bonus Payment did not convert the terms of the Lease to applying to only one-half of the oil and gas underlying the premises, instead of the agreed upon 62–acres of oil and gas.

■ Finally, regarding Anadarko's Lease Extension payment made to the Sheddens in March 2011, we determine that the trial court properly found that, pursuant to the terms of the Lease, such payment (1) was timely made; (2) constituted a valid exercise of Anadarko's contractual Option to Extend the Lease for an additional term of five years; and (3) covered all 62 acres of the premises. *See* Trial Court Opinion, 6/20/13, at 6. At the

---

**3.** We observe that there are no published decisions in Pennsylvania in which our appellate courts have applied the doctrine of estoppel by deed in a case involving an oil and gas lease. However, courts in other jurisdictions have recognized and upheld this doctrine in the context of disputes regarding oil and gas leases. *See, e.g., Duhig v. Peavy–Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878, 880 (1940); *see also Greenshields v. Superior Oil Co.*, 204 Okla. 681, 233 P.2d 959, 961, 963 (1951). Although we acknowledge that the pronouncements of sister states are not binding authority on our courts, such decisions may be considered as persuasive authority. *Albert v. Erie Ins. Exch.*, 65 A.3d 923, 929 (Pa.Super.2013).

time that Anadarko exercised its Option to Extend, the Sheddens owned all of the oil and gas underlying the 62–acre premises, and Anadarko's $4,340.00 Lease Extension payment constituted payment in full for all 62 acres. Additionally, as discussed above, the Sheddens are estopped from denying that the Lease covers all 62 acres of the premises.

Accordingly, we conclude that Anadarko was entitled to judgment as a matter of law, and the trial court properly granted Anadarko's Motion for Summary Judgment.

Order affirmed.