**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**


| | | |
|---|---|---|
| LEO E. SHEDDEN AND SANDRA L. SHEDDEN, | : | No. 103 MAP 2014 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellants | : | Court dated March 14, 2014 at No. 758 |
| | : | MDA 2013 affirming the Order of the |
| | : | Court of Common Pleas of Tioga |
| v. | : | County, Civil Division, dated April 16, |
| | : | 2013 at No. 876 CV 2011 |
| | : | |
| ANADARKO E. & P. COMPANY, L.P., | : | ARGUED:  October 7, 2015 |
| | : | RESUBMITTED:  January 20, 2016 |
| Appellee | : | |


## OPINION


**JUSTICE TODD**                                             **DECIDED:  March 29, 2016**

In this appeal, we consider whether the Superior Court properly applied the doctrine of estoppel by deed to conclude that an oil and gas lease between Appellee, Anadarko E. & P. Co., L.P. ("Anadarko"), and Appellants, Leo and Sandra Shedden, covers the oil and gas rights to 100% of the property identified in the lease, notwithstanding the fact that, unbeknownst to them, Appellants owned only a one-half interest in the oil and gas rights to the property at the time the lease was executed, and, consequently, received a bonus payment only for the oil and gas rights they actually owned.  Upon review, we affirm.

The facts of the instant case are undisputed.  Appellants are the owners of a 62-acre parcel of land (the "Property") located in Ward Township, Tioga County, which they purchased from Colgate University in 1990.  Unbeknownst to Appellants, on February

21, 1894, Appellants' predecessors in interest, Ezra and Emma Baxter (the "Baxters"), reserved by recorded deed one-half of the oil and gas rights to the Property.[1] In May 2006, Appellants leased to Anadarko the oil and gas rights to the Property for a term of five years, expressly warranting title in all of the oil and gas.[2] As consideration, Anadarko agreed to pay Appellants a bonus payment of $80 per acre. Anadarko sent Appellants a Lease Purchase Report and an Order of Payment reflecting a bonus payment of $80 per acre on 62 acres, totaling $4,960. Prior to tendering the bonus payment, however, Anadarko's land agent discovered the Baxters' 1894 reservation of one-half of the oil and gas rights to the Property, and informed Appellants that Anadarko would pay a bonus on only 31 of the 62 acres. Thereafter, Anadarko sent Appellants a revised Order for Payment, describing the subject Property as "a tract of land containing 62.00 gross acres, 31.00 net acres," and indicating that, as consideration for the agreement, Anadarko would pay Appellants a total of $2,480. Order for Payment (R.R. at 19a). Appellants did not sign the revised Order for Payment, but subsequently accepted Anadarko's payment of $2,480. Critical to the instant appeal, two years after executing the Lease, Appellants filed a motion to quiet title on the Baxters' previously-reserved one-half interest in the oil and gas rights to the Property, which the trial court granted.

---

[1] Although Appellants claim they were unaware of the reservation, they arguably had record notice, as the reservation was properly recorded. See Collins v. Phillips, 84 A. 854, 854 (Pa. 1912) (a party has record notice where a deed is properly recorded). Nevertheless, the issue of Appellants' knowledge of the reservation is not before this Court.

[2] Specifically, the covenant of warranty in the lease stated: "The LESSOR covenants and agrees . . . [t]hat LESSOR has full title to the premises and to all the oil and gas therein at the time of granting this Lease, and forever warrants title to the leasehold estate hereby conveyed to LESSEE." Lease (hereinafter, "Lease"), 5/23/06, at 2 § B.2 (Reproduced Record ("R.R.") at 11a).

On March 31, 2011, Anadarko invoked the extension clause contained in the Lease by sending Appellants a check in the amount of $4,340, which represented an extension payment of $70 per acre on 62 acres. Appellants did not cash the check, however, based on their belief that Anadarko had leased the oil and gas rights to only one-half of the Property, and, thus, that Anadarko overpaid them by $2,170. On October 21, 2011, Appellants filed a declaratory judgment action seeking a declaration that the Lease "only pertains to oil and gas contained on 31 acres" of the Property. Complaint, 10/12/11, at 4 (R.R. 5a). In response, Anadarko filed a motion for summary judgment, asserting that Appellants were estopped, both by their contractual promises and by the doctrine of estoppel by deed, from denying that the Lease grants Anadarko 100% of the oil and gas rights to the Property.

In response to Anadarko's motion for summary judgment, Appellants argued that they could not have leased to Anadarko 100% of the oil and gas rights to the Property because they owned only one-half of the rights thereto at the time the Lease was executed. Appellants further maintained that Anadarko's 2006 revised bonus payment of $80 on 31 net acres of the Property constituted a modification of the Lease. Appellants contended that, because Anadarko leased only one-half of the oil and gas rights to the Property, Anadarko could extend the primary term of the Lease only as to one-half of the oil and gas rights to the Property.

On April 16, 2013, the trial court granted Anadarko's motion for summary judgment and dismissed Appellants' declaratory judgment action, concluding that the Lease "covers all oil and gas underlying the entirety of [Appellants'] 62-acre property . . . and that the Primary Term of the Lease was timely and validly extended, and the Lease remains in effect according to its terms." Trial Court Order, 4/16/13. In support of its order, the trial court observed that the Lease described the premises as:

containing for the purpose of calculating rentals and royalties, 62.00 acres whether actually containing more or less. In addition to the above described land, any and all strings or parcels of land adjoining or contiguous to the above described land and owned or claimed by LESSOR are hereby leased to LESSEE.

Lease at 1 (R.R. at 10a). Based on this language, the trial court determined that Appellants intended "to enter into a binding lease exclusively with Anadarko as to all 62 acres." Trial Court Opinion, 6/19/13, at 3-4.

The trial court rejected Appellants' argument that their receipt of a bonus payment equal to one-half of the agreed-upon sum for 62 acres modified the Lease such that it applied only to 31 acres, noting that Paragraph C.3 of the Lease provides: "[i]f LESSOR owns less than all of the oil and gas rights in the premises, LESSOR shall be entitled to only a share of the rentals and royalties equivalent to the proportion of such oil and gas rights owned by LESSOR." Lease at 2 § C.3 (R.R. at 11A). Moreover, the trial court determined that, under the doctrine of estoppel by deed, Appellants' subsequent acquisition of title to the previously-reserved one-half interest in the oil and gas rights to the Property passed to Anadarko under the terms of the Lease, and that Appellants' covenant of warranty in the Lease estops them from arguing otherwise. Trial Court Opinion, 6/19/13, at 5-6.

The Superior Court, in a unanimous published opinion, affirmed the trial court's grant of summary judgment in favor of Anadarko. Shedden v. Anadarko E & P Co., L.P., 88 A.3d 228 (Pa. Super. 2014). Citing this Court's decision in Dixon v. Fuller, 46 A. 553 (Pa. 1900), and its own decision in Hennebont Co. v. Kroger Co., 289 A.2d 229 (Pa. Super. 1972), the court noted that the doctrine of estoppel by deed is well established in this Commonwealth, and concluded that, pursuant thereto, "[Appellants] are barred from denying that the Lease covers all 62 acres of the leased premises." Shedden, 88 A.3d at 233. The court found it immaterial that Appellants received a

bonus payment of only one-half of the agreed-upon sum, noting that Paragraph C.3 of the Lease specifically provides that they were entitled to only the share of the rentals and royalties equivalent to the proportion of gas and oil they actually owned. Id. (citing Lease at 2 § C.3). Finally, the Superior Court held that Anadarko's exercise of its contractual option to extend the Lease for an additional five years was timely, and covered all 62 acres of the Property.

We granted allowance of appeal to consider the propriety of the Superior Court's grant of summary judgment in favor of Anadarko, based on its finding that, pursuant to the doctrine of estoppel by deed, Appellants are precluded from arguing that the Lease does not cover the oil and gas rights to the entirety of the Property, despite Appellants having initially received a bonus payment of one-half the agreed-upon sum.[3]

Summary judgment is appropriate only where the record clearly demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010). An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. Weaver v. Lancaster Newspapers, Inc., 926 A.2d 899, 902 (Pa. 2007). The issue as to whether there are genuine issues as to any

---

[3] We note that the parties and the lower courts sometimes characterize the interest conveyed to Anadarko via the lease as a one-half interest in the oil and gas rights to the entire Property, and at other times characterize it as a full interest in the oil and gas rights to 31 acres of the Property. For practical purposes, the amount of the bonus payment to which Appellants were entitled was the same − $40 per acre on 62 acres, or $80 per acre on 31 acres. However, as the Baxters' reservation specifically reserved a one-half interest in the oil and gas rights to the entire Property, it is most accurate to describe the interest actually conveyed to Anadarko as a one-half interest in the oil and gas rights to the Property as a whole, rather than a full interest in one-half of the Property, i.e., 31 acres. Nevertheless, in order to accurately describe the parties' specific arguments and the analysis of the lower courts, we will utilize the terminology they use.

material fact presents a question of law; thus, on that question, our standard of review is *de novo* and our scope of review is plenary. Id. at 903.

Appellants contend that the Superior Court erred in applying the doctrine of estoppel by deed to conclude that the Lease grants Anadarko the oil and gas rights to the entire 62 acres of the Property for two reasons. First, Appellants submit that application of the doctrine of estoppel by deed is not justified in this case because Anadarko was not prejudiced by Appellants' misrepresentation in the Lease that they owned 100% of the oil and gas rights to Property. Second, Appellants contend that there was a "necessary and implied modification of both the consideration and the scope of the lease" as a result of Anadarko's payment, and their receipt, of one-half of the agreed-upon bonus. Appellants' Brief at 14.

As a finding that the Lease was modified by the parties would render the issue of estoppel by deed moot, we begin by addressing Appellants' lease modification argument. Appellants emphasize that the revised Order for Payment described the Lease as covering only 31 net acres, and they argue that, by paying Appellants a bonus on only 31 acres, Anadarko "elected to forego any attempt to lease the remaining interest in the oil and gas which was reserved by Ezra and Emma Baxter," and "knowingly accepted a lease of one-half of the oil and gas underlying [Appellants'] property." Id. Appellants further aver that the concept of modification is in accord with Paragraph C.3 of the Lease, which provides for a proportional reduction in rents and royalties upon discovery that Appellants own less property than the Lease purports to convey.

In response, Anadarko asserts that its payment of a reduced bonus did not constitute a modification of the scope of the Lease, but, rather, was proper consideration for the interest actually conveyed by Appellants pursuant to the terms of

the Lease. Specifically, Anadarko relies on Paragraph C.3 of the Lease, noting it provides that Appellants were entitled to a bonus payment only for the interest actually conveyed, i.e., one-half of the oil and gas rights to the Property.

An oil and gas lease is in the nature of a contract, and, thus, is controlled by principles of contract law. T.W. Phillips Gas & Oil Co. v. Jedlicka, 42 A.3d 261, 267 (Pa. 2012). A contract, either oral or written, may be modified by a subsequent agreement which is supported by legally sufficient consideration, or a substitute therefor, and meets the requirements for contract formation. Kreutzer v. Monterey Cty. Herald Co., 747 A.2d 358, 362 (Pa. 2000); see also Wilcox v. Regester, 207 A.2d 817, 821 (Pa. 1965) ("An agreement may be modified with the assent of both contracting parties if the modification is supported by consideration.").

We hold that the Lease between Appellants and Anadarko was not modified as a result of Anadarko's payment of, and Appellants' acceptance of, a bonus payment of one-half the originally agreed-upon sum. Anadarko originally agreed to pay Appellants an $80 per acre bonus for the oil and gas rights to the Property. Paragraph 3.C of the Lease provided, however, that if Appellants owned less than all of the oil and gas rights to the Property, they would be entitled to payment only in proportion to the oil and gas rights they actually owned. Pursuant to that paragraph, upon finding that Appellants owned only one-half of the oil and gas rights to the Property, under the express terms of the Lease, Anadarko was obligated to pay Appellants only one-half of the agreed-upon bonus payment − i.e., $40 per acre − and this was the exact consideration that Appellants received. Accordingly, rather than a modification of the Lease, Anadarko's payment of a reduced bonus was in accord with its precise terms, and so cannot be considered as additional consideration or evidence of an agreement to modify the Lease.

Having concluded that the Lease was not modified as a result of Anadarko's payment of a reduced bonus, we next consider whether, having quieted title to the entire Property, the doctrine of estoppel by deed precludes Appellants from asserting that Anadarko is entitled to only one-half of the oil and gas rights to the Property. Under the doctrine of estoppel by deed,

> [w]here one conveys with a general warranty land which he does not own at the time, but afterwards acquires the ownership of it, the principle of estoppel is that such acquisition inures to the benefit of the grantee, because the grantor is estopped to deny, against the terms of his warranty, that he had the title in question.

Jordan v. Chambers, 75 A. 956, 958 (Pa. 1910);[4] see also Hennebont, 289 A.2d at 233 (noting that, in Pennsylvania, doctrine of estoppel by deed precludes one who leases property which he does not own, but of which he later acquires ownership, from denying the lease on the basis he did not have ownership at the time the lease was executed).

Appellants do not dispute the viability of the doctrine of estoppel by deed in this context.[5] However, they contend that, because estoppel by deed is an equitable doctrine, its application requires a finding of detrimental reliance by the grantee. Appellants' Brief at 10-11 (citing Novelty Knitting Mills, Inc. v. Siskind, 457 A.2d 502 (Pa. 1983), In re Estate of Tallarico, 228 A.2d 736 (Pa. 1967), and Northwestern Nat'l Bank v. Commonwealth, 27 A.2d 20 (Pa. 1942)). Appellants further note that, in Shell Oil Co. v. Trailer & Truck Repair Co., Inc., 828 F.2d 205 (3d Cir. 1987), the United States Court of Appeals for the Third Circuit predicted that New Jersey courts would conclude that

---

[4] An oil and gas lease is considered a conveyance of a property interest. Hutchison v. Sunbeam Coal Corp., 519 A.2d 385, 387 n.1 (Pa. 1986).

[5] We note, however, that other courts have applied the doctrine of estoppel by deed to leases, see, e.g., Southland Corp. v. Shulman, 331 F. Supp. 1024, 1029 (D. Md. 1971) (applying Maryland law), including mineral leases, see, e.g., White v. Hodges, 9 So. 2d 433, 443 (La. 1942).

detrimental reliance is, in fact, an essential element of both equitable estoppel and estoppel by deed. Noting that Anadarko paid a reduced bonus upon learning of the Baxters' 1894 reservation of one-half of the oil and gas rights to the Property, Appellants maintain that there can be no finding of detrimental reliance by Anadarko and that the doctrine of estoppel by deed does not apply.

In response, Anadarko contends that Appellants conflate the principles of equitable estoppel with those of estoppel by deed, and are improperly attempting to impose a requirement of detrimental reliance on the application of estoppel by deed where none exists. Specifically, Anadarko observes that there are three distinct types of estoppel − estoppel by record, estoppel by deed, and equitable estoppel (also referred to as estoppel *in pais*) − and that estoppel by deed is a "technical legal theory" based on the grantor's own covenant in the deed and divorced from the subjective elements of inducement and justifiable reliance. Anadarko's Brief at 11-12 (citing In re Webb, 99 B.R. 283, 290 (Bankr. E.D. Pa. 1989) ("Estoppel by deed . . . allows application of estoppel without any reference to the moral qualities of the party seeking to be estopped." (citation and internal quotation marks omitted)); In re Solomon, 40 F. Supp. 62, 65 (E.D. Pa. 1941) ("[T]he doctrine of estoppel by deed is a distinct kind of estoppel which does not require all of the elements of estoppel *in pais*.")).

Anadarko further notes that, in Phillips v. Tetzner, this Court applied the doctrine of estoppel by deed despite a grantee's lack of payment at the time the grantor obtained full legal title to the subject property. 53 A.2d 129, 131-32 (Pa. 1947) (purchaser's failure to tender consideration for a lease did not preclude application of estoppel by deed because tender of purchase money is excused "where such tender would be a useless and idle ceremony."). Thus, Anadarko maintains that, notwithstanding its reduced bonus payment to Appellants, estoppel by deed is applicable here because

Appellants warranted their title, conveyed less than what they warranted, and subsequently perfected title.[6]

Appellants' sole basis for arguing that the doctrine of estoppel by deed should not apply is their contention that, because Anadarko paid a reduced bonus upon learning of the Baxters' 1894 reservation of one-half of the oil and gas rights to the Property, Anadarko failed to demonstrate detrimental reliance. However, unlike the doctrine of equitable estoppel, we find that the doctrine estoppel by deed does not require detrimental reliance. The doctrine of equitable estoppel

> prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations **which leads another to rely justifiably thereon to his own injury or detriment**, may be enforced in equity.

Novelty Knitting Mills, 457 A.2d at 503 (emphasis added).

In contrast, the doctrine of estoppel by deed precludes one who conveys an interest in land that he does not own, but subsequently acquires the title thereto, from denying the validity of the first conveyance. Jordan, supra; Phillips, supra; Bowen v. A.R. Boyd Enterprises, Inc., 191 A. 137, 140 (Pa. 1937) (under the doctrine of estoppel by deed, "when a vendor or mortgagor either sells or mortgages land which he does not own, and afterwards acquires title thereto, he is not permitted to set up this after-acquired title to defeat his previous grant or mortgage, for this would permit him to

---

[6] The Pennsylvania Independent Oil & Gas Association filed an *amicus* brief in support of Anadarko, presenting substantially the same arguments as Anadarko. Notably, however, *Amicus* contends that, even if this Court holds that prejudice is required for application of the doctrine of estoppel by deed, Anadarko did, in fact, suffer prejudice as a result of "not having the sole and exclusive right to develop the oil and natural gas resources underlying all 62 acres . . . unless and until the Lessors removed the cloud on their title." Amicus Brief at 5.

perpetrate a fraud upon his grantee or creditor."); <u>Daley v. Hornbaker</u>, 472 A.2d 703, 705 (Pa. Super. 1984) ("A grantor is estopped to assert anything in derogation of his deed, as against grantee.").

While the doctrine of estoppel by deed is rooted in equity, its considerations are broader:

> The principle is that when a person has entered into a solemn engagement by deed, he or she will not be permitted to deny any matter that he or she has asserted therein for a deed is a solemn act to any part of which the law gives effect as the deliberate admission of the maker; to him or her it stands for truth, and in every situation in which he or she may be placed with respect to it, it is true as to him or her. Estoppel by deed promotes the judicious policy of making certain formal documents final and conclusive evidence of their contents.

28 Am.Jur.2d, Estoppel by Deed or Bond, § 5 (footnotes omitted). Accordingly, we reject Appellants' contention that detrimental reliance is a prerequisite for application of the doctrine of estoppel by deed.[7]

Herein, Appellants conveyed, through a lease, the oil and gas rights to the Property, expressly warranting their full title to all the oil and gas therein. After discovering that they owned less than all of the oil and gas rights to the Property,

---

[7] <u>But</u> <u>see</u> <u>Shell Oil Co.</u>, 828 F.2d at 209 (recognizing that some courts, including the court in <u>In re Solomon</u>, <u>supra</u>, have held that detrimental reliance is not an element of estoppel by deed, but stating that "[w]e know of no reason" for such a conclusion and opining that, "detrimental reliance is so obvious that courts may not bother to mention it."); <u>McLaughlin v. Lambourn</u>, 359 N.W. 2d 370, 372 (N.D. 1985) (in case involving reservation of mineral rights, application of estoppel by deed requires, *inter alia*, that the party asserting estoppel relied directly upon such conduct or admissions, and will be injured by allowing the truth to be disproved). However, we note that, even if we were to follow the decisions of those courts which require a demonstration of detrimental reliance for the doctrine of estoppel by deed to apply, Appellants fail to support their suggestion that proof of detrimental reliance is limited to monetary loss. <u>Cf.</u> <u>supra</u> note 6.

Appellants filed a motion to quiet title to the one-half interest in the oil and gas rights to the Property, ultimately perfecting their title to all of the oil and gas rights to the Property. Under the doctrine of estoppel by deed, Appellants may not deny the validity of their initial conveyance to Anadarko of all of the oil and gas rights to the Property. See Jordan; Bowen; Daley.

For the above reasons, we hold that the Superior Court properly affirmed the trial court's grant of summary judgment in favor of Anadarko based on the doctrine of estoppel by deed.

Order affirmed.

Chief Justice Saylor and Justices Baer, Dougherty and Wecht join the opinion.

Justice Donohue did not participate in the consideration or decision of this case.