J-S44034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARLENE BRYZYSKI WOJCIECHOWSKI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PETER A. WOJCIECHOWSKI | : | No. 38 EDA 2017 |

Appeal from the Order entered December 2, 2016
in the Court of Common Pleas of Philadelphia County,
Family Court Division, No(s): 8533 May Term 2000

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                              **FILED JULY 31, 2017**

Arlene Bryzyski Wojciechowski ("Wojciechowski") appeals from the Order of the trial court, which enforced the trial court's equitable distribution Order of December 16, 2009, and directed Wojciechowski to pay $32,000 to the Estate of Peter A. Wojciechowski ("the Estate"). We affirm.

As part of the equitable distribution of the marital property of Wojciechowski and Peter A. Wojciechowski ("Decedent"), Wojciechowski was awarded sole title to the marital residence, subject to her payment of $32,000 to Decedent, and her assumption of the existing mortgage. Upon completion, Wojciechowski was to file a certification of payment in the office of the Clerk of Family Court. About two months after the Divorce Decree was entered, Decedent transferred title to the marital home to Wojciechowski. Wojciechowski did not pay $32,000 to Decedent or his Estate. Decedent died on March 30, 2014.

On May 25, 2016, the Estate filed a Motion to Enforce the equitable distribution Order, and to require Wojciechowski to pay the $32,000 specified by that Order. On December 2, 2016, the trial court entered an Order granting the Estate's Motion to Enforce. Thereafter, Wojciechowski filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[1]

In her Statement of Questions Involved, Wojciechowski presents the following issues for our review:

> 1. [Whether] the trial court committed an abuse of discretion and error of law by initiating its own fact[-]finding operation, taking into consideration and basing its decision upon factors not before the Court; including, but not limited to the facts surrounding the [d]ivorce litigation and resolution in its entirety[?]
>
> 2. [Whether] the trial court acted beyond the scope of its discretion by researching and considering the underlying facts of the [d]ivorce litigation when ruling upon the application of the doctrine of laches and the statute of limitations applicable to contract law[?]
>
> [3.] [Whether] the trial court committed an abuse of discretion and error of law by prohibiting [Wojciechowski] from testifying as to her actions and interactions with [Decedent] after the Divorce Decree was entered[?]
>
> [4.] [Whether] the trial court committed an abuse of discretion and error of law by reviewing and considering the facts surrounding the [d]ivorce litigation[?]

---

[1] In its Opinion, the trial court set forth a more detailed recitation of the procedural history of this case, and the court's findings of fact, which we adopt as though fully restated herein. **See** Trial Court Opinion, 6/27/17, at 1-4.

[5.]  [Whether] the trial court committed an abuse of discretion and error of law by determining that the death of [Decedent] and the passing of time did not prejudice [Wojciechowski] and asserting the defense of laches[?]

[6.] [Whether] the trial court committed an[] abuse of discretion and error of law that the pursuit of enforcement of a [d]ivorce Agreement is not bound by the statute of limitations applicable to contract law[?]

[7.] [Whether] the trial court committed an abuse of discretion and an error of law by failing to accept and apply the doctrine of laches[?]

[8.] [Whether] the trial court committed an abuse of discretion and error of law by considering and concluding [Decedent's] state of mind after d]ivorce[?]

[9.]  [Whether] the trial court committed an abuse of discretion and error of law by preparing and submitting findings of fact based upon its own investigation, none of which were introduced by either party at trial and none of which were relevant to the issue before the [c]ourt[?]

[10.]  [Whether] the trial court committed an abuse of discretion and error of law by failing to base its decision upon the applicable law and the relevant facts in relation to the applicable law; rather, the trial court erroneously considered prejudicial facts involving the distribution of the marital estate[?]

[11.]  [Whether] the trial court committed an abuse of discretion and error of law by failing to make a decision upon the applicable law and the specific limited facts which apply to the law governing the issue before the [c]ourt[?]

[12.]  [Whether] the trial court committed an abuse of discretion and error of law by considering statements contained in the Master's Report, as well as statements contained in [Decedent's counsel's] pleading from 2009[,] when entering its ruling[?]

[13.] [Whether] the trial court committed an abuse of discretion and error of law by considering the comments made by [Decedent's counsel] regarding [Decedent's] state of mind at the time of the [d]ivorce when making its decision[?]

[14.] [Whether] the trial court committed an abuse of discretion and error of law by exceeding the scope of review when determining its ruling[?]

[15.] [Whether] the trial court committed an abuse of discretion and error of law by precluding relevant testimony regarding [Wojciechowski's] reasonable reliance o[n] actions on the part of [Decedent]?

[16.] [Whether] the trial court committed an abuse of discretion and error of law by utilizing facts concerning the [d]ivorce [a]ction[,] and reviewing testimony not relevant to the issues before the court[?]

Brief of Appellant at 4-6 (some issues renumbered, some capitalization omitted).

In the Argument section her brief, Wojciechowski reduces these issues to the following four claims:

A. [WHETHER] THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN THE APPLICATION OF THE RULES OF EVIDENCE AND PROPER LEGAL PROCEDURE[?]

B. [WHETHER] THE TRIAL COURT ERRED IN DENYING THE APPLICATION OF THE DOCTRINE OF LACHES[?]

C. [WHETHER] THE TRIAL COURT ERRED IN FAILING TO APPLY THE DOCTRINE OF EQUITABLE ESTOPPEL[?]

D. [WHETHER] THE TRIAL COURT ERRED IN FAILING TO APPLY THE DEFENSE OF THE STATUTE OF LIMITATIONS[?]

*Id.* at 10, 12, 14, 15. We will address the four claims presented in the

Argument section of Wojciechowski's brief, and find any remaining claims waived.[2]

Wojciechowski first claims that the trial court erred and abused its discretion in its application of the Pennsylvania Rules of Evidence and "proper legal procedure." Brief of Appellant at 10. Specifically, Wojciechowski challenges the trial court's preparation and submission of a timeline of the case, which, Wojciechowski asserts, the court marked as an "exhibit," and then considered in rendering its decision. *Id.*

"When interpreting a property settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function." *delCastillo v. delCastillo*, 617 A.2d 26, 29 (Pa. Super. 1992). The interpretation of a settlement agreement between a husband and wife is governed by the law of contracts unless the agreement itself provides otherwise." *Jackson v. Culp*, 583 A.2d 1236, 1238 (Pa. Super. 1990). "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation."

---

[2] We direct counsel's attention to Pa.R.A.P. 2116(a), which provides, in relevant part, as follows:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. **The statement will be deemed to include every subsidiary question fairly comprised therein**….

Pa.R.A.P. 2116(a) (emphasis added). In addition, Pa.R.A.P. 2119 provides, in relevant part, that [t]he argument shall be divided into as many parts as there are questions to be argued …." Pa.R.A.P. 2119(a).

*Miller v. Poole*, 45 A.3d 1143, 1145 (Pa. Super. 2012) (citation omitted). "Our standard of review over questions of law is *de novo* and[,] to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." *Kripp v. Kripp*, 849 A.2d 1159, 1164 n.5 (Pa. 2004).

In its Opinion, the trial court addressed Wojciechowski's first claim, and concluded that it lacks merit. *See* Trial Court Opinion, 1/27/17, at 6-7. We agree with the reasoning and conclusion reached by the trial court, and affirm on this basis as to Wojciechowski's first claim, *see id.*, with the following addendum.

First, we recognize that, upon the filing of a divorce complaint, a trial court is vested with jurisdiction over all matters relating to the equitable distribution of the marital estate. 23 Pa.C.S.A. § 3104(a)(1). In this case, the court's jurisdiction continued when the Estate, on behalf of Decedent, filed its Motion to Enforce the parties' property settlement agreement. *See Johnson v. Johnson*, 864 A.2d 1224, 1228-29 (Pa. Super. 2004) (recognizing that the trial court retained continuing jurisdiction over the determination and disposition of property rights and interests between spouses, even though the equitable distribution was final). Consequently, the trial court did not abuse its discretion in reviewing the record of the earlier equitable distribution proceedings.

Wojciechowski also challenges the questioning of a witness by the trial court. Brief of Appellant at 11. Our Rules of Evidence provide that "[w]here the interest of justice so requires, the court may examine a witness regardless of who calls the witness." Pa.R.E. 614(a). Our review discloses that the trial court questioned Wojciechowski regarding whether there existed, beyond her testimony, evidence of the $32,000 payment required by the equitable distribution Order. *See* N.T., 12/2/16, at 8-14. As this was directly related to the issue presented to the court, we discern no error or abuse of discretion.

Wojciechowski also asserts that the trial court improperly precluded her from testifying about the actions she took as a result of a discussion with Decedent. Brief for Appellant at 11-12. Wojciechowski asserts that the trial court erred in excluding her testimony under the Dead Man's Statute. *Id.* at 12.

> As this Court has stated,
>
> [the a]dmission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Schuenemann v. Dreemz*, *LLC*, 34 A.3d 94, 100-01 (Pa. Super. 2011) (quotations and citations omitted).

- 7 -

"According to the Dead Man's Rule or Dead Man's Statute, surviving parties who have an interest which is adverse to decedent's estate are disqualified from testifying as to any transaction or event which occurred before decedent's death." ***Zigmantanis v. Zigmantanis***, 797 A.2d 990, 995 (Pa. Super. 2002). Here, Wojciechowski sought to introduce testimony regarding the actions she took as a result of a discussion with Decedent. N.T., 12/2/16, at 17. Wojciechowski sought to introduce this testimony to establish that she had sent Decedent a check, and that Decedent refused the payment. ***See id.*** at 20 (regarding counsel's statement that counsel had subsequently sought the trial court's guidance following Decedent's refusal of mailings from Wojciechowski). Such testimony is clearly barred by the Dead Man's Statute, as Wojciechowski sought to use it as evidence of Decedent's action of refusing the check. ***See Zigmantanis***, 797 A.2d at 995. We discern no error or abuse of discretion by the trial court in precluding this evidence based upon the Dead Man's Statute. ***See id.***

In her second claim, Wojciechowski argues that the trial court erred in denying application of the doctrine of laches. Brief of Appellant at 12. Wojciechowski contends that Decedent failed to take any steps to assert his right to the $32,000 payment, and that his actions in refusing the payment caused prejudice to Wojciechowski. ***Id.*** at 13. According to Wojciechowski, Decedent's "unavailability and the unavailability of other fact witnesses and

retrieval of documents due to the passage of time clearly validates [Wojciechowski's] assertion of prejudice." *Id.*

Generally, the doctrine of laches is applied according to the following test:

> The party asserting laches must show, first, a delay arising from the other party's failure to exercise due diligence, and second, prejudice from the delay…. It is not enough to show delay arising from failure to exercise due diligence; for laches will not be imputed where no injury has resulted to the other party by reason of the delay.

*Jackman v. Pelusi*, 550 A.2d 199, 202 (Pa. Super. 1988) (citation and internal quotation marks omitted).

In its Opinion, the trial court found that Wojciechowski did not suffer prejudice based on Decedent's alleged delay, and therefore, laches did not apply. *See* Trial Court Opinion, 12/2/16, at 9. The trial court reasoned that Wojciechowski's credibility was the key issue in the proceedings. *Id.* The record supports the trial court's determination.

The central issue before the trial court was whether Wojciechowski had complied with the equitable distribution Order by paying $32,000 to Decedent. Evidence regarding Decedent's refusal of the $32,000 check would not provide a defense to Wojciechowski's failure to comply with the equitable distribution Order.[3] Further, the record reflects that Wojciechowski suffered no prejudice, as she transferred the property into her name, and

---

[3] There is no evidence that Wojciechowski filed a motion with the trial court to waive her obligation under the equitable distribution Order, or attempted to pay the funds into court.

- 9 -

retained the $32,000. As such, we cannot conclude that the trial court erred or abused its discretion in denying application of the doctrine of laches.

In her third claim, Wojciechowski argues that the trial court improperly failed to apply the doctrine of equitable estoppel. Brief for Appellant at 14. Wojciechowski asserts that Decedent "articulated to [her] that he no longer wanted the funds." *Id.* According to Wojciechowski, Decedent's conduct, in refusing to accept payment by mail, supports and substantiates application of the doctrine of equitable estoppel. *Id.*

> The doctrine of equitable estoppel
>
> prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations[,] **which leads another to rely justifiably thereon to his own injury or detriment**, may be enforced in equity.

*Shedden v. Anadarko E. & P. Co., L.P.*, 136 A.3d 485, 492 (Pa. 2016) (quoting *Novelty Knitting Mills, Inc. v. Siskind*, 457 A.2d 502, 503 (Pa. 1983) (emphasis in original)). The party asserting estoppel must establish by unequivocal evidence

> (1) that the party against whom the doctrine is sought to be asserted intentionally or negligently misrepresented a material fact, knowing or with reason to know that the other party would justifiably rely on the misrepresentation, (2) that **the other party acted to his or her detriment by justifiably relying on the misrepresentation**, and (3) that there was no duty of inquiry on the party seeking to assert estoppel.

- 10 -

***Stonehedge Square Ltd. P'ship v. Movie Merchants, Inc.***, 685 A.2d 1019, 1024 (Pa. Super. 1996) (emphasis added, citation omitted). Whether equitable estoppel exists in a given case is a question of law. ***Id.*** at 1023.

Here, our review discloses no evidence that Wojciechowski relied *to her detriment* or suffered an injury resulting from Decedent's alleged actions. Rather, the record reflects that Wojciechowski transferred the property into her name, without paying the $32,000 required by the equitable distribution Order.[4] Consequently, the trial court did not err in deeming the doctrine inapplicable. ***See id.*** at 1024 (requiring the party asserting estoppel to establish that she relied to her detriment on the actions or statements of the party against whom the doctrine is asserted).

In her fourth claim, Wojciechowski argues that the trial court erred in failing to apply the defense of the statute of limitations. Brief of Appellant at 15. According to Wojciechowski, the four-year statute of limitations applicable to contracts barred the Estate's action. ***Id.*** Wojciechowski argues that the Estate was required to bring this action by December 16, 2013, and failed to do so. ***Id.***

Pennsylvania's Divorce Code provides, in relevant part, as follows:

(e) Powers of the court. If **at any time**, a party has failed to comply with an order of equitable distribution, as provided for in this chapter, … after hearing, the court may, in addition to any

---

[4] Additionally, Wojciechowski did not seek a written waiver from Decedent, or a determination from the trial court that her obligation to comply with the equitable distribution Order was absolved.

other remedy available under this part, in order to effect compliance with its order:

(1) enter judgment;

…

(9) find the party in contempt.

23 Pa.C.S.A. § 3502(e) (emphasis added).

Despite Wojciechowski's characterization of the Estate's action as one for breach of contract, the action is simply one to enforce the equitable distribution Order. Based upon section 3502(e), the trial court had, "at any time," broad authority to enforce its Order. ***See id.*** Accordingly, Wojciechowski's claim lacks merit.

For the foregoing reasons, we affirm the Order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017

- 12 -

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## FAMILY COURT DIVISION

Estate of Peter A. Wojciechowski[1]    :
:
:
:
:
:
v.    :
:
:
:
:
:
:
Arlene DiPaolo    :  **Superior Court No. 38 EDA 2017**
:  **Lower Court. No. May Term, 2000**
Appeal of: Arlene DiPaolo    :  **No. 8533**

## OPINION

Former wife (hereinafter "appellant"), disagrees with the trial court's December 2, 2016 order[2] (Exhibit "A"). The lower court enforced the December 16, 2009 order (Exhibit "B")[3] and ordered payment to decedent's estate[4].

On May 25, 2016 the administrator of former husband's estate filed a

---

[1] Pa. R.A.P. 904.

[2] Order, present case, provides, *inter alia*: Motion to enforce decree and order as to the actual payment of $32,000 per court order of December 16, 2009 is granted. Former wife, Arlene DiPaolo is hereby ordered to pay the sum to the estate of Peter Wojciechowski to 9231 Frankford Ave. Phila, Pa. 19114 c/o Counsel Kleber, Administrator of estate within 70 days of today's date. Regarding the 1994 GMC pickup truck, an original of title to said truck was provided to Arlene DiPaolo today for signature, notarization and return within ten (10) days.

[3] Said order provides *inter alia*: Arlene and Peter are divorced. In disposition of economic claims wife shall pay husband $32,000 within 30 days; wife is awarded sole title to 9237 Gillespie St., subject to her payment in full of sum referenced and her assumption of existing mortgage...after the transmittal has been accomplished wife shall file a certification of payment in the office of Clerk of Family Court...

[4] Peter died March 30, 2014 and per his death certificate the cause of death, "chronic alcoholism".

22

"Motion to Enforce Decree and Order" seeking the transfer of title to a vehicle[5] as well as payment of the above-referenced monies.

Appellant disagrees and has raised the statute of limitations as well as the doctrines of laches and equitable estoppel. The appellant alleges trial court errors.

**Brief Procedural History:**

| | |
|---|---|
| May 22, 2000 | Complaint in Divorce filed by Arlene |
| July 7, 2000 | Acceptance of service by Peter |
| July 10, 2000 | Entry by Peter's Counsel (Modesti withdrawn 3/12/02) |
| June 10, 2002 | Petition for special relief filed by Peter (denied 7/17/02) |
| November 4, 2002 | Petition by Peter's counsel (McGovern withdrawn 1/8/03) |
| November 12, 2002 | Praecipe to Transmit Record filed by Arlene |
| November 22, 2002 | Order approving grounds entered |
| July 15, 2003 | Arlene's petition for exclusive possession filed (granted 8/13/03) |
| August 18, 2003 | Certification for Divorce Master filed by Arlene |
| January 5, 2009 | Entry by Arlene's Counsel Sharp |
| March 20, 2009 | Administrative Order entered (re: economic discovery) |
| April 20, 2009 | Entry by Peter's Counsel (Jordan withdrawn 11/9/09) |
| June 29, 2009 | Praecipe for trial by judge filed by Peter |
| December 16, 2009 | Administrative Order |
| December 16, 2009 | Decree and Order |
| January 14, 2010 | Praecipe to retake maiden name filed by Arlene |
| January 14, 2010 | Certification of $32,000 payment sent to Peter |
| May 25, 2016 | Petition for Contempt filed on behalf of Peter's estate |
| June 28, 2016 | Answer to motion and new matter filed by Arlene |
| July 27, 2016 | Answer filed on behalf of Peter's estate |
| August 9, 2016 | Order entered by trial judge, briefs permitted in 20 days |

---

[5] Appellant's execution of title to the vehicle was confirmed by her counsel on January 13, 2017.

23

| August 26, 2016 | Brief filed on behalf of Arlene |
| August 29, 2016 | Memorandum filed on behalf of Peter's estate |
| September 8, 2016 | Supplemental response filed on behalf of Arlene |
| October 14, 2016 | Final hearing scheduled December 2, 2016 |
| December 2, 2016 | Order, present case, entered by trial judge |
| December 28, 2016 | Notice of appeal filed on behalf of Arlene |
| December 28, 2016 | Order issued for statement of matters complained of |
| January 13, 2017 | Statement of matters received on behalf of Arlene |
| January 17, 2017 | Order extending time to 1/23/17 for supplement to statement of matters |
| January 24, 2017 | Order entered, time to file supplement expired |
| January 27, 2017 | Trial Court Opinion filed and Rule 1931 list mailed |

## FINDINGS

1. Former husband and wife were married 2/14/95 and divorced 12/16/09.

2. According to appellant's 3301(d) affidavit, separation occurred on or about October 18, 1999.

3. Transfer of title to the premises, 9237 Gillespie Street, Philadelphia, Pa. into appellant's name was accomplished slightly in excess of two months following the entry of the divorce decree.

4. Peter passed away March 30, 2014.

5. It was undisputed that the sum of $32,000, ordered pursuant to the December 16, 2009 order was not paid by appellant to Peter during his lifetime, nor thereafter.

7. John Louis Kleber, III, Esquire, administrator of the Estate of Peter A. Wojciechowski, entered his uncontested appearance on or about May 25, 2016, simultaneously upon the filing of the motion to enforce.

8. Appellant did not obtain leave of court excusing the payment referenced at number five above.

9. Correction or amendment of the lower court docket was not sought to indicate inability of appellant to complete the provision of 12/16/09 order which directed that $32,000 be paid to Peter.

10. Laches did not apply to this matter based upon the trial court's review and consideration of relevant and admissible evidence as well as credibility

24

determinations.

11. The doctrine of equitable estoppel was found not to apply in this matter.

12. The initial parties in the divorce, Arlene and Peter, did not finalize their dispute by agreement which was memorialized in writing.

13. The statute of limitations does not bar relief sought in the lower court.

14. The trial court was authorized, pursuant to 23 Pa. C.S.A.§3502 ( e), to enter its order.

15. The trial court considered and applied its equity power in disposing of this matter.

16. Appellant did not meet her burden of proof as to alleged bad faith nor as to other alleged bases for penalties, fees or costs.

## DISCUSSION

Appellant set forth the following matters complained of:

1) " The Trial Court committed an abuse of discretion and error of law by initiating its own fact finding operation, taking into consideration and basing its decision upon factors not before the Court, including but not limited to the facts surrounding the Divorce litigation and resolution in its entirety";

2) "The Trial Court acted beyond the scope of its discretion by researching and considering underlying facts of the Divorce litigation when ruling upon the application of the doctrine of laches and the statute of limitations applicable to contract law";

3) "The";

4) "The Trial Court committed an abuse of discretion and error of law by prohibiting Appellant from testifying as to her actions and interactions with the deceased party after the Divorce Decree was entered";

5) "The Trial Court committed an abuse of discretion and error of law by reviewing and considering the facts surrounding the Divorce litigation";

6) "The Trial Court committed an abuse of discretion and an error of law by determining that the death of Appellee and the passing of time did not prejudice Appellant and asserting the defense of laches";

25

7) "The Trial Court committed an abuse of discretion and an error of law in determining that the pursuit of enforcement of a Divorce Agreement seven years after entry of the Divorce Decree is not bound by the statute of limitations applicable to contract law";

8) "The Trial Court committed an abuse of discretion and an error of law by failing to accept and apply the doctrine of laches";

9) "The Trial Court committed an abuse of discretion and error of law by considering and concluding the deceased's state of mind after Divorce";

10) "The Trial Court committed an abuse of discretion and error of law by preparing and submitting findings of fact based upon its own investigation, none of which were introduced by either party at trial and none of which were relevant to the issue before the Court";

11) "The Trial Court committed an abuse of discretion and error of law by failing to base its decision upon the applicable law and the relevant facts in relation to the applicable law; rather, the Trial Court erroneously considered prejudicial facts involving the distribution of the marital estate";

12) "The Trial Court committed an abuse of discretion and error of law by failing to make a decision upon the applicable law and the specifics limited facts which apply to the law governing the issue before the Court";

13) "The Trial Court committed an abuse of discretion and error of law by considering statements contained in the Master's Report, as well as statement contained in the Deceased's Counsel's Pleadings from 2009 when entering its ruling";

14) "The Trial Court committed an abuse of discretion and error of law by considering the comments made by the deceased's counsel regarding the deceased's state of mind at the time of the Divorce when making its decision";

15) "The Trial Court committed an abuse of discretion and error of law by exceeding the scope of review when determining its ruling";

16) "The Trial Court committed an abuse of discretion and error of law by precluding relevant testimony regarding Wife's reasonable reliance of actions on the part of the deceased";

26

17) "The Trial Court committed an abuse of discretion and error of law by utilizing facts concerning the Divorce Action and reviewing testimony not relevant to the issues before the Court";

18) "Appellant reserves the right to supplement the within Statement upon receipt of the Transcripts Ordered".

The trial judge did not err as alleged. The trial judge did not abuse her discretion. Matters overlapping have been condensed for ease of analysis.

During the initial hearing of August 9, 2016, on the underlying matters following counsels' argument concerning applicability of "The Dead Man's Act[6]" and alleged prejudices to appellant, the lower Court began to review the docket for this matter, on the record, as set forth in Notes of Testimony (hereinafter "N.T."), 8/9/2016,

(pp. 20-22):

JUDGE:   "Please have a seat. Let's take a look. This case started in July of 2000. Did we have a number of attorneys representing, no..."

Further, the trial judge acknowledged that an effort was made prior to this hearing to confirm the ownership of record for the former marital residence, 9237 Gillespie Street Philadelphia, Pa, N.T. 8/9/2016, p. 16. Appellant's counsel confirmed that ownership of the property was transferred to appellant February 19, 2010, N.T. 8/9/2016, p. 17. In seeking to confirm transfer of the real estate, the lower court was attempting to determine whether any clarification was needed as part of resolving the pending matters. Counsel did not raise objections thereto. To preserve an objection for appeal, the objection must be raised before the trial court, Green v. Green, 69 A.3d 282, 288 (Pa. Super. 2013); Pa.R.A.P. 302(a).

---

[6] 42 Pa. Cons. Stat. Ann. §5930.

As the result thereof, following submission of briefs by both sides the court file pertaining to the underlying divorce was reviewed for historical reference, to determine whether information was included therein to expedite finalizing this matter. Additionally, for the sake of routine preparation, the above referenced review was conducted for the December 2, 2016 hearing. This file review included the spousal support account pertaining to Arlene and Peter to insure that there was no arrearage. Potential credits or offsets were considerations as well as possible equities on both sides based upon the ultimate determination. Other references on Exhibit C-1 were to actual contents within the court file (i.e., the 7/17/02 transcript, mail, attachments to pleadings, the Divorce Master's Report).

Appellant alleges that the trial judge went on a "Fact finding operation", researched and considered facts in the divorce litigation, reviewed and considered facts surrounding the divorce litigation, failed to base decision on applicable law and relevant facts, exceeded the scope of review, utilized facts concerning the divorce action and reviewed testimony not relevant to the issues before the court. Issues numbered 1, 2, 5, 15, and 17 have been consolidated. The trial judge's preparation and perfunctory review of court file information for these proceedings did not form the bases for the final decision. The timeline marked as C-1 was prepared. Counsel was permitted an opportunity to review same with appellant. No objection was raised to this exhibit, Green v. Green, above. No corrections, deletions or revisions were requested, N.T. 12/2/2016, pp. 34-44. The trial judge did not err as alleged nor abuse her discretion.

Issue number 3 lacks substance and therefore the lower court is unable to determine issues pertaining thereto. Alleged error is not set forth.

28

The lower Court did not prohibit appellant from testifying regarding her "actions and interactions with the deceased party after the Divorce Decree was entered", as alleged regarding matters numbered 4 and 16. The trial judge did not err nor abuse her discretion.

(N.T. 8/9/2016, pp. 18-19):

COUNSEL SHARP: "I don't know if you wanted to hear testimony with regards to the prejudice it would cause my client or if you just wanted us to brief the legal issues"

COUNSEL KLEBER: "I have no objection to testimony related to how she claims to be prejudiced as long as I can cross-examine. I would object to any testimony about discussions with the decedent."

JUDGE: "Your response?"

COUNSEL SHARP: "It would be very short with regard to, I guess, actions she took or didn't take as a result of communications with the decedent, Your Honor."

COUNSEL KLEBER: "Your Honor, I believe the Dead Man's Rule precludes any testimony about conversations that she had with the decedent. He's not here to refute those."

COUNSEL SHARP: "And he's not here to confirm them and with that said, Your Honor, I didn't say I was going to have her testify as to anything the decedent said. I was going to have her testify as to what actions she took or didn't take as a result of those conversations."

COUNSEL KLEBER: "Your honor, that sounds like the backdoor way to influence the court as to things he may or may not have said..."

Both sides appeared for the second hearing following submissions of briefs, to wit, December 2, 2016. Direct and cross-examination of appellant was conducted,

29

N.T. 12/2/2016, pp. 14-31. The same argument was made, N.T. 12/2/2016, pp. 17-18. Legal argument in support of testimony or other evidence which would be offered by appellant that was not barred by "The Dead Man's Act"[7], was not offered. The trial judge did not err as alleged nor abuse her discretion.

As stated above, concerning the lower Court's preparatory review, a determination was needed concerning the credibility of the only witness presented, appellant. The trial judge was seeking to understand actions following a lengthy divorce and purported occurrences between appellant and the decedent over a period of approximately six months immediately following entry of their divorce decree. **$32,000 was at stake** and owed to the decedent. Consideration was also given to unjust enrichment to the appellant in having completed the transfer of the former marital residence to herself without the actual payment in full of $32,000 ordered to be made to the decedent (Exhibit "B").

The lower Court did not find prejudice to appellant due to the death of Peter, matter number 6. Equitable estoppel and laches were not found to apply after consideration of the totality of circumstances and credible evidence. Credibility was the more significant aspect during these proceedings. Consideration was given to Jackman v. Pelosi, 379 Super. Ct. 361, 550 A. 2d. 199 (1988) as well as Patten v. Vose, 404 Super. Ct. 426, 590 A. 2d. 1307 (1991). Other legal authority cited by both counsel was appropriately considered and applied. The trial judge did not err as alleged nor abuse its discretion, matters numbered 11 and 12.

On December 2, 2016 the trial judge awaited receipt of the "FedEx information" from appellant's counsel, N.T. 12/2/2016, p. 17. Same was not submitted by the conclusion of trial. Appellant's answer filed July 5, 2016 to the motion to enforce indicated at paragraph number 6 that a $32,000 certified check

---

[7]See pg. 4.

30

was sent to Peter January 7, 2010 "via Federal Express". The court file includes a letter addressed to the decedent, Peter, dated January 7, 2010 with reference to FedEx overnight No. 867382681044 and a copy of "certified check" dated January 7, 2010 in the amount of $32,000 payable to Peter along with FedEx tracking number as set forth above (Exhibit "C", collectively). The facts surrounding the divorce proceeding for Arlene and Peter were not reviewed as alleged. Rather, file materials were a consideration to assist credibility determinations as further documentation was not produced at trial. The lower court noticed that the attachment within Exhibit "C" pertaining to the FedEx interaction concerning Peter of January 7, 2010 did not include a value for such a sizeable check. Additionally, the trial judge awaited the FedEx receipt on December 2, 2016 to see how that transaction concluded (i.e., did the receipt show no answer at that address or whether a message was left regarding an attempt to deliver a package or something along that line). Further, when a letter was sent to Judge Murphy[8] by appellant's counsel five days thereafter, to wit: January 15, 2010, the correspondence indicated, "my client has fulfilled her obligation..." (Exhibit "D" at page one). Thereby, as to matters numbered 5, 6, 7, 8, 10, 11, 12 and 17 the trial judge did not err as alleged nor abuse her discretion.

The trial judge would err in not enforcing the 2009 order based upon the overall record established for this case.

Full consideration was given to appellant's financial circumstances. Her testimony was accepted, N.T. 12/2/2016:

(p. 12)

JUDGE:          "What is your income?"

APPELLANT:   "I make $51, 500 a year."

---
[8]Administrative Judge Murphy

31

(p. 13)

| | |
|---|---|
| JUDGE: | "Is that your only source of income?" |
| APPELLANT: | "Yes, it is." |
| JUDGE: | "In the master's report it indicated that you also did work as a stenographer." |
| APPELLANT: | "I don't do that anymore." |
| JUDGE: | "Why not?" |
| APPELLANT: | "I ended up teaching stenography. I was working in the payroll department part-time of the same company I'm at now, JEVS Human Services, and I also did stenography part-time of the same company and I was offered a job teaching so I took that instead of doing the stenography..." |

Concerning valuation of appellant's residence, the same consideration was given, N.T. 12/2/2016:

(p. 11),

| | |
|---|---|
| JUDGE: | "Is there a mortgage on your house now?" |
| APPELLANT: | "Yes, yes, there is." |
| JUDGE: | "How much is it for?" |
| APPELLANT: | "...about $38,000" |
| JUDGE: | "And when did you get that?" |
| APPELLANT: | "When the house came into my name I had to get the new mortgage ..." |
| JUDGE: | "I can't understand what you're saying, ma'am, and it's important. When it came into your name?" |
| APPELLANT: | "After I was divorced and the house was put in my name I had to get a new mortgage on the house." |
| JUDGE: | "How much was the mortgage for?" |
| APPELLANT: | "For $55,000 I think it was" |

32

The Divorce Master Report entered on the lower court's docket June 11, 2009 (Exhibit "E"), reflects, "Because the amount due had been $37,000 in 2004, the Master will assume in the absence of any documentation that the current indebtedness would now be approximately $30,000", page 10. Additionally, self-valuation by appellant of the former marital home at $280,000, N.T. 12/2/2016, p. 12 was weighed in this consideration. No weight was given to argument by appellee's counsel. Therefore, as to matters numbered 1, 2, 5, 6, 7, 8, 11, 12, 13, 15, 16 and 17, the allegations are untrue. The lower Court judge did not abuse her discretion and did not err.

The lower Court also considered appellant's testimony on direct examination that she has no health issues, N.T. 12/2/2016, p. 22. Additionally, there was consideration for, her age, 61 and $2,000 in an account, N.T. 12/2/2016, pp. 22-23. Further consideration was given to her delineated expenses as follows:

| | | | |
|---|---|---|---|
| Mortgage | $400 monthly | Police & Fire | N.T. 12/2/2016, p. 12 |
| Gas | $110 monthly | | N.T. 12/2/2016, p. 23 |
| Water | $ 55 monthly | | N.T. 12/2/2016, p. 23 |
| Electric | $110 monthly | | N.T. 12/2/2016, pp. 23-24 |
| Home insurance | $ 76 monthly | | N.T. 12/2/2016, p. 24 |
| Car lease | $270 monthly | 2016 Altima | N.T. 12/2/2016, p. 24 |
| Car insurance | $100 monthly | | N.T. 12/2/2016, p. 25 |
| Home taxes | $250 monthly ($3,000 yearly) | | N.T. 12/2/2016, p. 25 |
| Dentist | $ 13 monthly ($150 yearly) | | N.T. 12/2/2016, pp. 25-26 |
| Comcast | $200 monthly | | N.T. 12/2/2016, p. 26 |
| Telephone | $ 70 monthly | AT&T | N.T. 12/2/2016, p. 26 |
| (Food) | $300 monthly | | N.T. 12/2/2016, p. 27 |

33

---

Total $1654 monthly payments for expenses and indebtedness. Monthly gross income $4292. If taxes on gross income amount to 40% or $1717 monthly there is $921 monthly available for a home equity line of credit or mortgage payment of $921 which when added to the current $400 monthly would permit a payment up to $900 per month and allow for incidental expenses.

Appellant further testified, "I'll probably work 'til I can't work", N.T. 12/2/2016, p. 28.

The trial judge extended the amount of time indicated by both counsel of sixty days for payment by appellant, N.T. 12/2/2016, p. 43 (line 5, counsel for Peter's estate; line 13, appellant's counsel) to seventy days to permit sufficient time for evaluation of monetary arrangements and any assessments or applications which may be needed.

Additionally, as pertaining to matters numbered 6, 7 and 8, prejudice to appellant was not found. The appellant effectuated transfer of her residence into her name, only, within a few months following entry of the divorce decree. Payment therefor, which was to be transacted prior to the deed change (Exhibit "B"), was not accomplished. After a hearing the Court entered the December 2, 2016 order, present case.

34

Appellant's claim that she entered into an oral agreement with her former husband (the deceased) within a short time after the December 16, 2009 decree, raised a question to the trial judge as to why after lengthy litigation such an oral contract was not confirmed in writing or in the alternative a filing made with the Court to excuse appellant from the obligation to pay $32,000. Appellant's memorandum received by the Divorce Master's Unit March 5, 2009 (Exhibit "F") set forth at page two, "Wife has not had any contact with Husband in numerous years; thus is unaware of his current situation" (Exhibit "F", page 2, Section E). Further, it states, "Husband was habitually using narcotics and alcohol" (Exhibit "F", page 2, Sections F). Arlene and Peter did not resolve their divorce issues by a formal agreement (Exhibit "B"). The statute of limitations did not apply, matter number 7. Additionally, as to matter number 9, the trial judge did not conduct herself as alleged. The trial judge did not abuse her discretion nor err.

Decedent's state of mind was not a factor in the lower Court's determination, matter number 9. Candor, credibility and the state of mind of the live witness, were all very significant in the final determination. The lower Court did not abuse its discretion nor err as alleged.

Appellant's testimony was in conflict with her recent court filings. See "New Matter" filed July 5, 2016, Exhibit "H", page three, number 20: "In reliance upon Husband's representations and Husband's refusal to accept the funds, the funds were ultimately redeposited into Wife's bank account." On December 2, 2016 appellant testified, in reference to the $32,000 check, that she "ripped it up and threw it in the trash, N.T. 12/2/2016, p. 10. Thereby as to matters numbered 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16 and 17, the trial judge did not err nor abuse her discretion. Credibility and truthfulness are always within the scope of

35

trial Court review. The lower Court did not attempt to clarify appellant's statement as such action as stated under oath would not amount to a redepositing of such a large sum of money. Her counsel conducted direct examination and was not precluded from recalling her client.

Briefs were submitted by counsel for the parties ("Exhibit G-1" on behalf of appellant; Exhibit G-2 on behalf of appellee). The trial judge determined that more information was needed for the sake of the record. It was established that, (a) an order was entered December 16, 2009; (b) transfer of the 1994 GMC pick-up truck from joint names of Arlene and Peter to sole ownership was not effectuated as of the time of Peter's death, March 30, 2014 and (c ) the provision within the December 16, 2009 order for payment of $32,000 by Arlene to Peter within thirty days was not completed or did not actually occur. However, the appellant raised several defenses including the statute of limitations. Further, appellant's filings in response to the motion to enforce filed on or about May 25, 2016 alleged "significant harm...significant prejudice" (Exhibit "H", paragraphs number 21 and 22). Additionally, appellant's counterclaim filed in conjunction therewith alleged bad faith and misuse of civil proceedings. Counsel fees, costs and sanctions were sought.

The lower Court did not prepare and submit findings of fact based upon its own investigation as alleged at matter number 10. There was not a record upon which findings could be based. Rather, the "Timeline" derived from materials located in the actual court file was provided to both sides, N.T. 12/2/2016, pp. 6-7. They were permitted as much time as needed for review. No objection was raised, see Green v. Green, above.

36

Counsel on behalf of deceased former husband's estate indicated that he did not have questions. Inquiry was initiated by the trial judge to establish matters for the record as set forth above:

(N.T. 12/2/2016, p. 8):

JUDGE: "How long was it, in terms of the turnaround for that check? The check?"

COUNSEL SHARP: "I don't understand, Your Honor?"

JUDGE: "The check that was written out for the now deceased party"

COUNSEL SHARP: "Yes."

JUDGE: "When was it redeposited or how was it transacted?"

COUNSEL SHARP: "When did you—"

APPELLANT: "After six months, I understand a certified check is no longer—"

JUDGE: "That's not answering the question. What kind of work do you do, ma'am? Ma'am, we need you in the witness stand. (witness takes the stand)[8]"

JUDGE: "Okay. Can I get an answer to my question?"

COUNSEL SHARP: "Your Honor, it was my understanding that the time period lapsed and the money was automatically placed back—"

JUDGE: "That's not an answer to my question. There's only one witness today"

COUNSEL SHARP: "When was it?"

---

[8]Appellant was seated between her attorney and her attorney's Assistant, Diedra Ellison, N.T. 12/2/2016, p. 5. The trial judge asked for the move to the witness stand in order to improve the Court's ability to hear from appellant, herself.

37

| | |
|---|---|
| JUDGE: | "I was asking the question and only one person here can answer that." |
| COUNSEL SHARP: | "I apologize Your Honor." |
| JUDGE; | "What happened to the check after it was written out to the now deceased party?" |
| APPELLANT: | "It was given to my attorney to pass on to my—to Peter Wojchiechowski and after--" |
| JUDGE: | "That's not what I'm asking. There was a letter sent to the Court and a copy of the check and then what happened to the check?" |
| APPELLANT: | "The check was in my attorney's safe for several months and after it was no longer valid, it was returned to me." |
| JUDGE: | "When was that? When did it come back to you?" |
| APPELLANT: | "More than six months later because it was after the amount of time that was it was valid and then--" |

As stated above, contradictions and credibility determinations greatly assisted the lower Court in this matter. Appellant's matter number 13 when reviewed with Exhibit "E" is contradictory as many factors and other information were adopted and incorporated into the Divorce Master's report. Thereby the trial judge did not abuse her discretion nor err as alleged. See also as noted above regarding credibility determinations.

The trial judge did not delay the matter for production of appellant's financial materials. Testimony was determined sufficient with assessments made as to credibility. Any request for time to present other evidence would certainly have been given appropriate weight and consideration and if appropriate granted.

In regard to the final matter, number 18, the Court Stenographer confirmed that transcripts for August 9, 2016 and December 2, 2016 were submitted to appellant's counsel. An order permitting extension of time for the filing of

38

supplementary matters was issued by the lower Court January 17, 2017. Said order was faxed to both counsel same date as well as mailed. The extension permitted filing until January 23, 2017, 4P.M. The trial judge did not receive additional matters and issued an order on January 24, 2017 confirming that the time for filing expired. A copy of the January 24, 2017 order was also faxed to both counsel and mailed same date. Concerning this matter the lower Court did not abuse its discretion nor err.

Appellant having failed to raise objection during the lower Court hearing, to matters comprising a significant portion of the statement of matters complained of, has not preserved same for the instant appeal. Thereby matters numbered 1 through 5, 9, 10 and 13 through 17 are without merit. All other matters have been discussed above and regarding same the trial judge did not abuse her discretion nor err.

Appellant's counsel indicated, N.T., 12/2/2016:

(p. 20):

COUNSEL SHARP:     "he (decedent) was not accepting any of our mailings with —containing the check nor was he responding to the messages we left on his answering machine to come and physically retrieve the check from our office"

The trial judge inquired about a waiver or release of some sort from the decedent to confirm same, N.T., 12/2/2016, p. 19. None was produced during the lower Court proceedings. Very serious, unfounded and untrue allegations are being made against the trial judge. The lower Court did not act as alleged. Additionally, if the allegations were true, trial objections were not made to preserve appellate issues, see Green v. Green, above.

The trial judge, to the best of her knowledge and recollection, has no

39

personal knowledge or contact as regards any party and thereby has no bias as to either side of this case. There is no ill will on the part of the trial judge as regards to any party or their interest pertaining to this case.

The standard of review, abuse of discretion <u>Ruth v. Ruth</u>, 316 Pa. Super. 282, 462 A. 2d 1351 (1983) or the law is misapplied, <u>Braderman v. Braderman,</u> 339 Pa. Super. 185, 488 A. 2d 613 (1985). The trial judge did not abuse her discretion. Considering the totality of the circumstances, the lower Court did not err. The law was not misapplied.

## CONCLUSIONS OF LAW

For the foregoing reasons we conclude as a Matter of Law that:

1) The trial judge did not abuse her discretion.

2) The lower court did not err.

Accordingly, for the reasons stated above, this appeal should be DISMISSED and the order entered December 2, 2016 be AFFIRMED.

**By The Court:**

Date: January 27, 2017

Elizabeth Jackson, J.

40